**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JERRY LEE DOUGLAS,<br><br>    Petitioner,<br>vs.<br><br>SUPERINTENDENT ZEE HYDEN,<br><br>    Respondent. | 3: 03-00221-CV- (JWS)-(JDR)<br><br>**RECOMMENDATION<br>REGARDING RESPONDENT'S<br>MOTION TO DISMISS**<br><br>(Docket No.71) |

The court has now before it a motion by the respondent seeking to dismiss the petition for writ of habeas corpus of Jerry Lee Douglas on the grounds that he failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1). (Docket No. 71). Said motion is opposed by Mr. Douglas, whose claims (1) he was denied effective assistance of counsel in violation of the Sixth Amendment; and (2) his due process right to a fair trial under the Sixth Amendment was denied because the prosecutor made improper and inflammatory comments in final arguments to the jury. (Docket No. 74, corrected opposition at 76). (The respondent replied at Docket No. 79). Douglas then filed a response to the reply which requested an evidentiary hearing on the matter of detrimental reliance on a concession made by the respondent that remedies had been exhausted. That concession had been withdrawn and the subject of a previous dispute-

1

briefing. The court previously found that the respondent's withdrawal of the concession was well taken and ruled in respondent's favor. (Docket No. 66). For the reasons that follow the respondent's motion to dismiss should be granted.

## BACKGROUND

The factual and procedural background is set forth in the respondent's motion and not disputed by Douglas. Douglas was charged with first-degree robbery for stealing approximately $80 from a cabdriver, namely Mohammad Ali. Ali testified at trial that Douglas placed his hand under his jacket as if he had a gun and determined that Ali give him money. Douglas took the stand at trial and testified that no robbery had occurred. According to Douglas, Ali had asked Douglas to help him purchase some crack cocaine and gave Douglas money for the cocaine. Douglas claimed that it took him a while to locate a supplier and that Ali had left in the cab before they could complete the transaction, leaving Douglas with the money Ali had given him. Douglas was convicted of first-degree robbery.

Douglas moved for a new trial which the trial court treated as an application for post-conviction relief under Alaska Criminal Rule 35.1. There, Douglas alleged that he had received ineffective assistance of counsel at trial on various grounds. Following an evidentiary hearing, the trial court rejected Douglas' claims and denied his motion for new trial.

Douglas appealed the denial of his application for post-conviction relief. In addition to the ineffective assistance of counsel claims, Douglas argued on appeal that the prosecutor had made improper comments during his final argument. Since Douglas had not objected to the prosecutor's arguments at trial, the Alaska Court of Appeals applied a plain error standard that claim. Douglas' petition to the Alaska Supreme Court was denied on September 4, 2003.

Douglas filed his petition for writ of habeas corpus on October 16, 2003. An amended petition was filed on January 21, 2004. A supplement was filed on February 19, 2004, setting forth Douglas' claims with more specificity. The respondent initially conceded in his answer that Douglas filed his opening brief on the merits. This court granted the respondent's motion to withdraw a concession made to the effect that Douglas had exhausted his state court remedies.

## DISCUSSION

First, the court dispenses with Douglas' argument – indeed the argument to which most of his opposition brief is devoted – that the respondent should not have been allowed to withdraw the concession that Douglas' had exhausted his state court remedies. Douglas made his arguments in previous briefing addressed on this point. The court ruled against him. (Docket No. 66). The court will not now reconsider this issue. If Douglas feels the matter has been erroneously decided he can raise that point in his objections and incorporate his past/present arguments by reference. Accordingly, Douglas motion for evidentiary hearing on this issue will be denied.

This leaves the court to consider whether Douglas exhausted his administrative remedies as required by 28 U.S.C. § 2254(b)(1). Section 2254(b)(1) requires that a state prisoner give the state courts an opportunity to pass upon and correct alleged violations of federal constitutional rights. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004). The respondent asserts that Douglas did not satisfy this requirement and his petition should therefore be dismissed. Each of Douglas' claims will be addressed in that context.

## I
## THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Douglas claims he was denied effective assistance of counsel in violation of the Sixth Amendment. He claims that his trial attorney failed to adequately investigate his case, failed to introduce evidence to impeach the key witness against him,

and failed to ask for a jury instruction on the lesser-included offense even though he believed it was needed and inappropriately entrusted decision making to his client. Douglas argues that his brief to the Alaska Court of Appeals referenced the federal constitution. The court views the references as very oblique and although they would present a close question it would be a stretch to find that they satisfied *Baldwin* even when considered cumulatively. It is not, however, necessary to engage in that analysis. What is critical here is not what was expressed in Douglas' briefing to the Alaska Court of Appeals. Rather, the court's focus is on his petition to the Alaska Supreme Court.

A petitioner must have given notice to each appropriate state court, including the state supreme court. *Id.* In his petition to the Alaska Supreme Court Douglas cited one federal case regarding this issue. Moreover, nowhere therein in did he expressly state that he was making a federal constitutional claim for ineffective assistance of counsel. He does not dispute that the federal case he cited, *Sanders v. Ratelle,* 21 F.3d 1446 (9th Cir. 1994), was cited as argument related to deferential review of tactical decisions of trial counsel. The Ninth Circuit recently instructed, that federal claims must have been presented in the text of the state court brief, accompanied by "some clear indication that the case involves federal issues." *Casey v. Moore,* 386 F.3d 896, 911-913 (9th Cir. 2004); *Galvan v. Alaska Dept. of Corrections,* 397 F.3d 1198, 1204 (9th Cir. 2005. The failure to give the state courts such a signal is fatal under the exhaustion requirement of § 2254(b)(1). *Id. at* 912-913. Quite simply, Mr. Douglas failed to alert the Alaska Supreme Court to a federal claim of ineffective assistance of counsel.

II
THE DUE PROCESS CLAIM

Douglas claims he was denied due process of law in violation of the Sixth Amendment because the combination of his trial counsel's failure to object to inflammatory and unsupported argument by the prosecutor – which constituted

prosecutorial misconduct – deprived him of due process. Again, he makes the mistake of arguing that the arguments presented in his brief that the Alaska Court of Appeals included references to federal constitutional claims. Again, however, it was also necessary for him to alert the Alaska Supreme Court as to any federal constitutional claims he was making. *Id*. In his petition to the Alaska Supreme Court, the only case he cites regarding prosecutorial misconduct is *United States v. Hermanek,* 289 f.3d 1076, 1098 (9th Cir. 2002). Discussion of that case was directed at the dangers of a prosecutor vouching for witnesses, and it did not include any express claim of a violation of a federal constitutional right. Quite simply, Mr. Douglas failed to alert the Alaska Supreme Court to a federal claim of denial of due process of law.

CONCLUSION

For the foregoing reasons the respondent's motion to dismiss at docket No. 71 should be **GRANTED**.

DATED this 14th day of April, 2006, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to Federal Rule of Civil Procedure 72(b), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **the close of business on April 27, 2006**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed **no later than the close of business on May 5, 2006**.

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).