Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JERRY LEE DOUGLAS,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>SUPERINTENDENT ZEE HYDEN,<br><br>　　　　　Respondent. | Case No. 3:03-cv-0221-JWS<br><br>**OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AT DOCKET 71** |

　　　　Petitioner, Jerry Lee Douglas, by and through counsel Mary C. Geddes, Assistant Federal Defender, files his objections to the magistrate judge's report and recommendation that the respondent's motion to dismiss should be granted.  The motion to dismiss was premised entirely upon the untimely-raised defense of a lack of exhaustion.  The recommendation should be rejected because:

•　　the court has previously but erroneously decided that the respondent could withdraw his waiver of the exhaustion defense (see petitioner's Opposition to Motion to Withdraw Concession); and

- the court erroneously has denied his motion for an evidentiary hearing on the issue of the petitioner's detrimental reliance (see ref., R & R at 3) upon respondent's waiver.

The habeas petitioner is Jerry Lee Douglas, and the respondent is a Warden in the Alaska State Department of Corrections. On September 4, 2003, the Alaska Supreme Court denied discretionary review of Mr. Douglas's merit appeal. Mr. Douglas thereafter sought relief in federal court in the form of a petition for a writ of habeas corpus.

Although the merits of Mr. Douglas's claims were fully briefed after a lengthy investigation, the disposition of this matter now turns upon the question of whether a respondent, having previously and expressly waived the statutory defense of exhaustion in a March 22, 2004, pleading, can renege and resurrect that defense more than a year later, on May 27, 2005, based upon the argument that his discovery of a year-old Supreme Court decision[1] on March 2, 2004, had informed counsel of a change in the law of exhaustion.

Mr. Douglas opposed the revocation of the respondent's waiver on three grounds.

First, *Baldwin* did not effect a significant change in the law of exhaustion, but rather refined existing law. The "fair presentation" requirement refined in *Baldwin* was developed in *Duncan v. Henry,* 513 U.S. 364, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). It was well-established at the time of Mr. Douglas' filing that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40, 119 S. Ct. 1728 (1999).[2]

---

[1] *Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (March 2, 2004).

[2] Furthermore, the *Baldwin* decision, in any event, did not languish in obscurity throughout 2004, *see Caswell v. Calderon*, 363 F.3d 832 (9th Cir. (Cal.) Mar 18, 2004); *Lounsbury v. Thompson*, 374 F.3d 785 (9th Cir. (Or.) Jun 29, 2004), *Casey v. Moore*, 386 F.3d 896 (9th Cir. (Wash.) Oct 12, 2004).

Therefore the respondent/attorney's ignorance of the decision – and failure to timely raise the statutory exhaustion defense – was inexcusable.

Second, where the delay revoking the waiver was substantial (14 months after the respondent answered the complaint, and after the *Baldwin* decision), where the Petitioner had relied upon the waiver to proceed with an extensive investigation and the litigation of his cause on the merits, and where the exhaustion defense was not raised until after the expiration of the statute of limitation for state post-conviction remedies on December 24, 2004, Mr. Douglas detrimentally relied upon such waiver.

This court has failed to consider the issue of detrimental reliance, nor provided Mr. Douglas with the opportunity to develop a record in that regard. The respondent has disputed the claim of detrimental reliance, but this court has not yet permitted the petitioner to litigate the issue. The petitioner's pleading on this issue provided a proffer as to the evidence which would be developed in the hearing.

With respect as to the magistrate judge's findings that Mr. Douglas failed to fairly present federal constitutional claim to the Alaska Supreme Court in his petition for hearing, Mr. Douglas notes the following. Throughout this notice-type pleading, Mr. Douglas indicated that his rights to effective assistance of counsel and due process had been denied. In particular, he complained that the prosecutorial misconduct which denied hm due process was "contrary to state and federal law." (Page 20) Earlier, he had explained that prosecutorial misconduct violates a defendant's due process rights when it "so infected the trial with unfairness . . .," citing to and relying upon a United States Supreme Court case, *Darden v. Wainwright*, 477 U.S. 168 (1986). (Page 13) Under current case law, this citation should be sufficient. "In order to alert the state court,

a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis." *See, e.g., Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005).

Similarly, with respect to his argument concerning the deprivation of effective assistance of counsel (Page 20), Mr. Douglas cited *Sanders v. Ratelle*, 21 F.3d 1446 (9th Cir. 1994) (page 17), a federal case discussing the federal constitutional right to effective assistance, in the context of faulting the trial court's decision that his trial counsel's actions reflected a tactical choice, and not an incompetent decision depriving him of his essential rights.

The bottom line is that Mr. Douglas's petition said enough to alert the state supreme court to the argument presented, i.e., that both state and federal constitutional due process and effective assistance of counsel rights had been violated.

DATED this 27th day of April, 2005.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on April 27, 2006, a copy of the
foregoing document was served electronically on:

John A. Scukanec, Esq.

/s/ Mary C. Geddes