John A. Scukanec
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: john_scukanec@law.state.ak.us

Attorney for Respondent Craig Turnbull

IN THE UNITED STATES DISTRICT COIURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| JEROME DAVID HALL, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 3:05-cv-00183-JKS |
| | ) | |
| CRAIG TURNBULL, | ) | RESPONSE TO PETITIONER'S |
| | ) | OBJECTIONS |
| Respondent. | ) | |
| | ) | |

Hall has filed his objections to the magistrate-judge's recommendation that the respondent's motion to dismiss be granted. Hall's objections are not well taken and amount to little more than a rehashing of the arguments made in his opposition to the respondent's motion to dismiss.

The magistrate-judge correctly determined that Hall's Fourth Amendment claims are not cognizable in this habeas action under *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Moreover, the state court record lodged with this court demonstrates that Hall had the required "full and fair opportunity" to litigate these claims in the state courts and did so. The fact that the Alaska Court of Appeals found it unnecessary to resolve the consent issue –

because it concluded that the handgun was discovered in the course of a lawful search incident to Hall's arrest on the DWI charge – is immaterial under *Stone* because Hall was afforded the opportunity to litigate these claims in the state courts. *See, e.g., Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996); *Siripongs v. Calderon*, 35 F.3d 1308, 1321 (9th Cir. 1994).

Hall maintains that the magistrate-judge erred in concluding that he failed to exhaust his state remedies regarding the inevitable discovery issue. But the magistrate-judge correctly determined that Hall never alerted the Alaska Supreme Court that he was asserting a violation of his federal constitutional rights in connection with this claim. *See Casey v. Moore*, 386 F.3d 896, 911-13 (9th Cir. 2004). Rather, in the state courts, Hall relied solely on *Smith v. State*, 948 P.2d 473 (Alaska 1997), a decision in which the Alaska Supreme Court expressly adopted the inevitable discovery doctrine *as a matter of state law*. *Smith,* 948 P.2d at 481. Since Hall never alleged a violation of his federal constitutional rights in connection with the inevitable discovery claim, the magistrate-judge correctly determined that the claim was not exhausted.

The magistrate-judge's recommendation should be adopted without substantive modification. Hall's petition for writ of habeas corpus must be dismissed.

DATED April 25, 2006, at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

s/ John A. Scukanec
   Assistant Attorney General
   State of Alaska, Dept. of Law
   Office of Special Prosecutions
     and Appeals
   310 K Street, Suite 308
   Anchorage, Alaska 99501
   Telephone: (907) 269-6250
   Facsimile: (907) 269-6270
   Email: john_scukanec@law.state.ak.us
   Alaska Bar No. 7610129

2

**Certificate of Service**

I certify that on April 25, 2006, a copy of the foregoing Response to Petitioner's Objections was served electronically on **Mary C. Geddes and John A. Scukanec.**

s/ John A. Scukanec