John A. Scukanec
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska  99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: john_scukanec@law.state.ak.us

Attorney for Respondent Superintendent Zee Hyden

IN THE UNITED STATES DISTRICT COIURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JERRY LEE DOUGLAS,<br><br>　　　　Petitioner,<br><br>vs.<br><br>SUPERINTENDENT ZEE HYDEN,<br><br>　　　　Respondent. | Case No. 3:03-cv-00221-JWS<br><br>RESPONSE TO PETITIONER'S OBJECTIONS |

Douglas has filed his objections to the magistrate-judge's recommendation that the respondent's motion to dismiss be granted. Douglas's objections are not well taken. As noted by the magistrate-judge, Douglas's main objection to the recommendation is nothing more than a rehashing of his complaint that the respondent should not have been allowed to withdraw its initial concession

that Douglas had exhausted his state remedies.  But the respondent moved in good faith to withdraw its concession for the reasons set forth in the previous pleadings, and this court agreed that the exhaustion issue should be revisited.  That decision was a proper exercise of the magistrate-judge's discretion since Douglas clearly had no right to be litigating unexhausted claims in the first place.  *See* 28 U.S.C. § 2254(b) (habeas relief "*shall not be granted*" unless it appears that the petitioner has exhausted his available state remedies) (emphasis supplied).

Douglas maintains that *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004), the principal case relied upon by the respondent, did not effect a significant change in the law governing exhaustion.  But the court in *Galvan v. Alaska Department of Corrections*, 397 F.3d 1198 (9th Cir. 2005), stated otherwise, expressly noting therein that *Baldwin* had reversed previously controlling Ninth Circuit authority relating to the exhaustion requirement.  *Galvan*, 397 F.3d at 1202.

Under *Baldwin* and *Galvan*, "the petitioner must 'fairly present' his [federal constitutional] claim[s] *in each appropriate state court* . . . thereby alerting that court to the federal nature of the claim[s]." *Galvan*, 397 F.3d at 1204 (quoting *Baldwin v. Reese,* 124 S.Ct. at 1349 (emphasis supplied)).  Moreover, "[t]he burden is on the petitioner to be *explicit* in asserting a federal constitutional claim." *Casey v. Moore*, 386 F.3d 896, 911-12 n.12 (9th Cir. 2004) (emphasis supplied).  The

respondent will not restate the arguments made in its motion to dismiss. It is sufficient for present purposes to say that Douglas did nothing to alert the Alaska Supreme Court in his petition for hearing that he was asserting federal constitutional claims.

The magistrate-judge's recommendation should be adopted without substantive modification. Douglas's petition for writ of habeas corpus must be dismissed.

DATED May 1, 2006, at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

s/ John A. Scukanec
   Assistant Attorney General
   State of Alaska, Dept. of Law
   Office of Special Prosecutions
     And Appeals
   310 K Street, Suite 308
   Anchorage, Alaska 99501
   Telephone: (907) 269-6250
   Facsimile: (907) 269-6270
   Email: john_scukanec@law.state.ak.us
   Alaska Bar No. 7610129

**Certificate of Service**

I certify that on May 1, 2006, a copy of the foregoing Response to Petitioner's Objections was served electronically on **Mary C. Geddes and John A. Scukanec**.

s/ John A. Scukanec