UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JERRY LEE DOUGLAS, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> SUPERINTENDENT ZEE HYDEN, ) <br> ) <br> Respondent. ) <br> ) | 3:03-cv-221 JWS <br><br> ORDER FROM CHAMBERS <br><br> [Re: Motion at Docket 71] |

## I. MOTION PRESENTED

At docket 71, respondent Superintendent Zee Hyden moves to dismiss the amended petition for writ of habeas corpus filed by petitioner Jerry Lee Douglas at docket 13 on the grounds that petitioner failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1). The motion has been fully briefed. At docket 90, Magistrate Judge John D. Roberts filed an initial report recommending that the motion be granted. At docket 91, petitioner timely filed objections to the report and recommendation. Respondent filed a response to petitioner's objections at docket 93. At docket 94, the magistrate judge filed a final report, continuing to recommend that respondent's motion to dismiss be granted.

## II. STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1] When reviewing a magistrate judge's

---

[1] 28 U.S.C. § 636(b)(1).

report and recommendation in a case such as this one, the district court conducts *de novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3] Uncontested findings of fact are reviewed for clear error.[4]

## III. BACKGROUND

The court has reviewed the report and recommendation and found that it accurately summarizes the background facts of this case. Moreover, petitioner does not object to any of the magistrate judge's findings of fact. Accordingly, the court adopts them as its own.

## IV. DISCUSSION

Petitioner Jerry Douglas filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging he "was denied the right to effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution" and "was denied a right to due process, i.e., a fair trial, as guaranteed by the Fourteenth Amendment" because of prosecutorial misconduct.[5]

At docket 71, respondent moves to dismiss petitioner's petition for writ of habeas corpus on the ground that petitioner did not exhaust his state remedies with respect to either of his claims. Respondent specifically argues that "in seeking discretionary review of the Alaska Court of Appeals' decision affirming his conviction, Douglas failed to alert the Alaska Supreme Court that he was asserting claims under the United States Constitution."[6] At docket 90, the magistrate judge filed his recommendation that respondent's motion to dismiss should be granted based on his conclusion that petitioner failed to alert the Alaska Supreme Court to his federal claims of ineffective assistance of counsel and denial of due process. The magistrate judge also suggested

---

[2]*Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3]28 U.S.C. § 636(b)(1).

[4]*Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

[5]Amended Petition at 4, doc. 13.

[6]Motion to Dismiss at 2, doc. 71.

-2-

that petitioner's brief to the Alaska Court of Appeal made only "oblique" references to the federal constitution.[7]

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[8] "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."[9] To establish exhaustion, "the petitioner must have either referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation."[10]

In petitioner's brief before the Alaska Court of Appeals, petitioner explicitly alleged that he had received ineffective assistance of counsel in violation of the United States Constitution and cited *Strickland v. Washington*,[11] "the Supreme Court's central ruling on the federal right to effective assistance of counsel."[12] In support of his due process claim, petitioner cited *Darden v. Wainwright*,[13] a Supreme Court case which sets forth the legal standard for a federal due process claim based on prosecutorial misconduct. Petitioner also cited several Ninth Circuit cases in support of his arguments that the prosecution engaged in improper vouching and inflammatory

---

[7] Recommendation at 4, doc. 90.

[8] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotations and citations omitted).

[9] *Id.* (quoting *Duncan v. Henry*, 513 U.S. 364, 365-366 (1995) (*per curiam*)).

[10] *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[11] 466 U.S. 668 (1984).

[12] *Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003).

[13] 477 U.S. 168 (1986).

-3-

arguments.[14] For the foregoing reasons, the court concludes that petitioner fairly presented both his federal ineffective assistance of counsel claim and due process claim to the Alaska Court of Appeals.

The court next considers whether petitioner fairly alerted the Alaska Supreme Court of the federal nature of his claims. In his petition for hearing before the Alaska Supreme Court, petitioner alleged that he had received ineffective assistance of counsel and that prosecutorial misconduct had deprived petitioner of his right to due process. In support of his ineffective assistance of counsel claim, petitioner cited only one case, namely *Sanders v. Ratelle*,[15] a Ninth Circuit decision which analyzes a federal ineffective assistance of counsel claim.[16] The Ninth Circuit has held that citation to a federal case "involving the legal standard for a federal constitutional violation is sufficient to establish exhaustion."[17]

As to his due process claim, petitioner cited *Darden v. Wainwright*, for the proposition that "[p]rosecutorial misconduct violates a defendant's due process rights when it 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[18] Petitioner also cited Ninth Circuit cases in support of his allegations that the prosecution had engaged in improper inflammatory argument and in improper vouching "in direct contradiction of federal case law."[19] In addition, petitioner alleged that the prosecutor's misconduct "was in contradiction to the [petitioner's] state and federal due process rights."[20] Applying the standards articulated above, the court

---

[14]*See United States v. Hermaneck*, 289 F.3d 1076 (9th Cir. 2002); *United States v. Edwards*, 154 F.3d 915, 921 (9th Cir. 1998); *United States v. Mitchell*, 172 F.3d 1104 (9th Cir. 1999).

[15]21 F.3d 1446, 1456 (9th Cir. 1994).

[16]Petition for Hearing at 17, attached to doc. 60.

[17]*Castillo*, 399 F.3d at 999.

[18]Petition for Hearing at 13, attached to doc. 60.

[19]*Id.* at 19.

[20]*Id.* at 20.

-4-

concludes that petitioner fairly presented his federal due process claim to the Alaska Supreme Court.

Because petitioner fairly presented his federal ineffective assistance of counsel claim and due process claim based on prosecutorial misconduct to the Alaska Supreme Court, the court concludes that petitioner exhausted his claims in state court. Because the magistrate judge found that petitioner's claims were unexhausted, he did not reach the merits of petitioner's claims. The court will return this matter to the magistrate judge for further proceedings on the merits of petitioner's claims.

## V.  CONCLUSION

For the reasons set out above, the court **REJECTS** the magistrate judge's recommendation at docket 90. It is further ordered that respondent's motion to dismiss at docket 71 is **DENIED**, and this matter is **RETURNED** to the docket of the magistrate judge for further proceedings on the merits of petitioner's claims.

DATED at Anchorage, Alaska, this 22nd day of May 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE