John A. Scukanec
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
E-mail: john_scukanec@law.state.ak.us

Attorney for Respondent Superintendent Zee Hyden

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JERRY LEE DOUGLAS,<br><br>        Petitioner,<br><br>vs.<br><br>SUPERINTENDENT ZEE HYDEN,<br><br>        Respondent. | Case No. 3:03-cv-00221-JWS-JDR<br><br>MOTION FOR CLARIFICATION AND STAY OF BRIEFING SCHEDULE |

Introduction

Magistrate Judge John Roberts filed a final report recommending that respondent's motion to dismiss Douglas's petition for writ of habeas corpus be granted because Douglas failed to exhaust his state court remedies. Subsequently, United States District Court Judge John Sedwick rejected the magistrate judge's recommendation and denied the respondent's motion to dismiss. In his order,

Judge Sedwick concluded that Douglas had "fairly presented" both his federal ineffective assistance of counsel claim and due process/prosecutorial misconduct claim to the Alaska Supreme Court, thereby satisfying the exhaustion requirement, and remanded the case to the magistrate judge for further proceedings on the merits of all of Douglas's claims.

The respondent seeks clarification of Judge Sedwick's order because it is clear that even if Douglas "fairly presented" his federal due process claim/prosecutorial misconduct claim in his petition for hearing to the Alaska Supreme Court (which respondent respectfully maintains he did not), Douglas did not alert the Alaska Supreme Court that he was asserting a federal constitutional claim of ineffective assistance of counsel, as required under *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). Therefore, even under Judge Sedwick's view of the exhaustion requirement, only the due process/prosecutorial misconduct claim has been properly exhausted, and only the merits of that claim should be considered. The respondent further requests that the briefing schedule be stayed pending clarification of the district court's order.

## Discussion

In order to properly exhaust his state remedies, a federal habeas petitioner must "fairly present" his claims in each appropriate state court, including a state supreme court with powers of discretionary review, thereby alerting that

2

court that the petitioner is asserting federal constitutional claims. *Baldwin*, 124 S.Ct. at 1349. The burden is on the petitioner "to be *explicit* in asserting a federal constitutional right." *Casey v. Moore*, 386 F.3d 896, 911-12 (9th Cir. 2004) (emphasis supplied). Moreover, the Supreme Court expressly held in *Baldwin* that a state prisoner ordinarily does not "fairly present" a claim to a state court if the state court must read beyond the cases cited in the prisoner's state court pleadings, *i.e.,* Douglas's petition for hearing in the Alaska Supreme Court, in order to ascertain whether a federal claim is being asserted. *Baldwin*, 124 S.Ct. at 1351. *See also Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (noting that "mere general appeals" to broad constitutional principles such as "due process" do not satisfy the exhaustion requirement).

With respect to Douglas's ineffective assistance claims, Judge Sedwick noted in his order denying the respondent's motion to dismiss that Douglas had cited a federal case in his petition for hearing to the Alaska Supreme Court – *Sanders v. Ratelle*, 21 F.3d 1446 (9th Cir. 1994) – which analyzed a federal ineffective assistance of counsel claim. But Douglas cited that case in his petition for hearing merely for the proposition that a trial counsel's tactical decisions are entitled to deference only in limited circumstances. Petition for Hearing at 17 (attached to Doc. 60). Douglas gave no indication whatsoever that

by his citation to *Sanders* he was asserting a federal constitutional claim of ineffective assistance of counsel, as required under *Baldwin.*

Notably, Douglas did not cite *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in his petition for hearing and based his ineffective assistance claims solely on *Risher v. State*, 523 P.2d 421 (Alaska 1974). This is significant because the Ninth Circuit has recognized that Alaska's *Risher* case adopted a much more liberal standard for evaluating claims of ineffective assistance of counsel than *Strickland. See Galvan v. Alaska Dep't of Corrections*, 397 F.3d 1198, 1202-03 (9th Cir. 2005). This would certainly have suggested to the Alaska Supreme Court that Douglas was bringing his ineffective assistance of counsel claims under the Alaska Constitution, not under the United States Constitution.

As to Douglas's due process/prosecutorial misconduct claims, Judge Sedwick correctly noted that Douglas alleged that the prosecutor's misconduct "was in contradiction to the [petitioner's] state and federal due process rights." Order at 4, citing Petition for Hearing at 20. But even if this single reference to his "federal due process rights" was sufficient to satisfy the requirement that Douglas "fairly present" his federal due process claim to the Alaska Supreme Court, it could not possibly have alerted the Alaska Supreme Court that Douglas was asserting a federal ineffective assistance of counsel claim. In short, even if

Douglas's due process/prosecutorial misconduct claim was "fairly presented" to the Alaska Supreme Court, he cannot rely on the exhaustion of the due process claim to satisfy the exhaustion requirement for his ineffective assistance of counsel claims. The latter claims are different both factually and legally, and the exhaustion of one does not amount to the exhaustion of the other.

Therefore, the respondent requests clarification of whether Judge Sedwick's order denying the respondent's motion to dismiss extends to all of the claims raised in Douglas's habeas petition, or only to Douglas's due process/prosecutorial misconduct claim (the only claim which fairly can be said to have been exhausted). The respondent further requests that the briefing schedule be stayed pending a decision on the motion for clarification.

DATED May 26, 2006, at Anchorage, Alaska.

    DAVID W. MÁRQUEZ
    ATTORNEY GENERAL

    s/ John A. Scukanec
      Assistant Attorney General
      State of Alaska, Dept. of Law
      Office of Special Prosecutions
        and Appeals
      310 K Street, Suite 308
      Anchorage, Alaska 99501
      Telephone: (907) 269-6250
      Facsimile: (907) 269-6270
      E-mail: john_scukanec@law.state.ak.us
      Alaska Bar No. 7610129

**Certificate of Service**

I certify that on May 26, 2006, a copy of the foregoing Motion for Clarification and Stay of Briefing Schedule was served electronically on **Mary C. Geddes, John A. Scukanec** and on **none** by regular U.S. mail.

<u>s/ John A. Scukanec</u>