Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JERRY LEE DOUGLAS,<br><br>Petitioner,<br><br>vs.<br><br>SUPERINTENDENT ZEE HYDEN,<br><br>Respondent. | Case No. 3:03-cv-0221-JWS<br><br>MOTION FOR EXPANSION OF THE EVIDENTIARY RECORD OR, ALTERNATIVELY, AN EVIDENTIARY HEARING |

I.  INTRODUCTION

Petitioner, Jerry Lee Douglas, by and through counsel, Mary C. Geddes,

Assistant Federal Defender, hereby renews his initial request for an evidentiary hearing – or

an expansion of the evidentiary record – in the above-captioned habeas case.  This motion

is timely because the court has stayed consideration of this issue until after the initial round

of merit briefing.  Respondent filed an answering brief and exhibits on August 22, 2006;

Mr. Douglas's opening brief and exhibits were submitted on March 15, 2005.

There are two claims in Mr. Douglas's petition for a writ of habeas corpus:

ineffective assistance of counsel and prosecutorial misconduct.  Mr. Douglas seeks an

expansion of the evidentiary record only with respect to his ineffectiveness claim.

Mr. Douglas seeks to expand the record with the information already provided

to and known by this court, i.e., a court record of a marriage dissolution, and information

provided in the form of affidavits which were exhibits attached to his Opening Brief.[1]

If the court determines that a hearing should be held, then Mr. Douglas seeks

a hearing during the first week of October, due to the Petitioner's witnesses' scheduling

conflicts.

## II.  GOVERNING LAW

Mr. Douglas respectfully requests that this court order an evidentiary hearing

(and/or otherwise permit the expansion of the record) for the purpose of further establishing

that the determination of facts was unreasonable.  Such an expansion is warranted because

"(1) the petitioner's allegations, if proved, would entitle him to relief, and (2) the state court

---

[1] Mr. Douglas has submitted state court records as exhibits for his opening brief.  He also has submitted and identified other documents which were not part of the state court record.  Respondent has not responded in any measure to Mr. Douglas's exhibits, their inclusion, or their content.

trier of fact has not, after a full and fair hearing, reliably found the relevant facts." *Hendricks v. Vasquez*, 974 F.2d 1099, 1103 (9th Cir. 1992) (quotation marks omitted).

Since Mr. Douglas did not fail to develop the relevant facts in state court, and Mr. Douglas did not so fail, the district court may proceed to order a hearing, either as a matter of discretion or because it is required under *Townsend v. Sain,* 372 U.S. 293, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963), *as modified by Keeney v. Tamayo-Reyes*, 504 U.S. 1, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992). In *Townsend*, the Supreme Court held:

> Where an unresolved factual dispute exists, demeanor evidence is a significant factor in adjudging credibility. And questions of credibility, of course, are basic to resolution of conflicts in testimony. To be sure, the state-court record is competent evidence, and either party may choose to rely solely upon the evidence contained in that record, but the petitioner, and the State, must be given the opportunity to present other testimonial and documentary evidence relevant to the disputed issues.

*Townsend v. Sain*, 372 U.S. at 321.

### III. SUBJECT MATTER FOR EVIDENTIARY HEARING/EXPANSION
*Attorney Failure to Find Court Records*

Jerry Douglas's trial attorney failed to adequately and independently investigate the credibility of the only complaining witness in the State's case. There was information in the Anchorage courthouse that could have been used to impeach the witness's credibility.

The motion for a new trial had led to an evidentiary hearing which revealed Hopper's failure to investigate public courthouse records, and the import of that failure. Mr. Hopper conceded that his client had told him that there were records at the courthouse

concerning Mr. Ali.  Although Mr. Hopper claimed he had thereafter *twice* "run" the civil record index looking for impeachment information pertaining to Mr. Ali, he did not locate the information which was indisputably present in the system.  Mr. Hopper could not explain his failure, given that he was a former state trooper and was highly experienced in record checks and that his client had told him that the information existed.  Another attorney running the name easily located the information.  Assuming that Mr. Hopper had "run" the name, the court further concluded that a good-faith effort was enough to constitute effective assistance, even though he never located the information.

The court made an unreasonable determination of the facts in light of the evidence presented, i.e., its determination that Mr. Hopper had, in fact, twice "run" the witness's name.  Other than Mr. Hopper's testimony, there was no evidence that supported this claim.

The expansion of the evidentiary record in this regard would include:  an affidavit by Bruce Johnson concerning his contact with Deborah Vea, and his observations of Ms. Vea's actions utilizing court records indexing system; and an affidavit by Deborah Vea.

The court also made an unreasonable factual finding that Hopper had made more of an effort than "the average competent attorney does."  With respect to this finding, the expansion of the evidentiary record should include the affidavit of Cynthia Strout.

4

Finally, the court found that the materials which were in the courthouse – had they been located – contained information which was not necessarily admissible, and therefore their discovery would not have affected the outcome of the trial. With respect to this unreasonable determination, expansion of the evidentiary record would include the affidavit of Cynthia Strout, which further specifies how the information in the court index would lead to the development of admissible character evidence; the affidavit of Bruce Johnson concerning his location of and subsequent interview of Dolores Okitun; court records concerning Dolores Okitun; and the affidavit of Kay Lin Hinderman.

## IV.  SUBJECT MATTER FOR EVIDENTIARY HEARING/EXPANSION
*Attorney Failure to Utilize Prior Inconsistent Statements as Evidence*

With respect to attorney Hopper's failure to utilize the prior inconsistent statements of witness Ali as evidence during cross-examination, the state court found it was a justifiable "tactical" decision. With respect to this finding, the expansion of the evidentiary record should include the affidavit of Cynthia Strout.

Also, because Mr. Hopper's decision not to utilize Mr. Ali's earlier statements concerned Mr. Ali's demeanor, the evidentiary record should be expanded to include the audio recording of Mr. Ali's statements.

## V.  SUBJECT MATTER FOR EVIDENTIARY HEARING/EXPANSION
*Attorney Failure to Ask for a Jury Instruction*

With respect to attorney Hopper's failure to ask for a less-offense instruction, there was a factual dispute. Mr. Douglas testified that Mr. Hopper never spoke to him at any

time about whether to request such an instruction. Mr. Hopper testified that he left the decision to his client, and Mr. Douglas had not wanted such an instruction. Mr. Hopper also admitted that he never revisited that question with Mr. Douglas after what he described as Mr. Douglas's "disastrous" performance on the stand.

The state court resolved the question strictly on the matter of credibility, finding that Mr. Hopper was more credible than Mr. Douglas. Without deciding the question, the court assumed that it was, in fact, Mr. Douglas's decision.

With respect to these determinations, an expansion of the evidentiary record should encompass those matters bearing on Mr. Hopper's credibility, i.e., an affidavit by Bruce Johnson concerning his contact with Alaska Court System employee Deborah Vea, and his observations of Ms. Vea's actions utilizing court records indexing system, and an affidavit by Deborah Vea. Also, the expansion of the evidentiary record should include the affidavit of Cynthia Strout. concerning Mr. Hopper's obligations to consult with his client following his testimony and to request the jury instruction.

## VI.  CONCLUSION

Through his opening brief and supporting exhibits, Petitioner Douglas has shown that he is entitled to an evidentiary hearing on his federal habeas claim, pursuant to 28 U.S.C.A. § 2254(d). Mr. Douglas has satisfied the three requisite criteria.

First, he has shown that a factual basis exists in the record to support his claims that Mr. Douglas's trial counsel, James Hopper, was ineffective. Second, Mr. Douglas had

not "failed to develop" the facts in state court.  Third, he has shown that state factual determinations were not fairly supported by the record as a whole.

The expanded evidentiary record will allow this court to reliably find the relevant facts, and thereby to decide if the state court made unreasonable factual determinations.

DATED this 7th day of September, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on September 7, 2006, a copy of the
foregoing document was served electronically on:

Blair M. Christensen, Esq.
Office of Special Prosecutions and Appeals
310 K Street, Suite 308
Anchorage, AK  99501

/s/ Mary C. Geddes