Blair M. Christensen
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Blair_Christensen@law.state.ak.us

Attorney for Respondent Zee Hyden

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| JERRY LEE DOUGLAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 3:03-cv-0221-JWS-JDR |
| | ) | |
| SUPERINTENDENT ZEE HYDEN, | ) | OPPOSITION TO "MOTION FOR |
| | ) | EXPANSION OF THE |
| Respondent. | ) | EVIDENTIARY RECORD OR, |
| | ) | ALTERNATIVELY, AN |
| | ) | EVIDENTIARY HEARING" |

A.  Introduction

Jerry Lee Douglas has moved to expand the evidentiary record in this action or, in the alternative, to have an evidentiary hearing. [Docket No. 108] Douglas's request for an evidentiary hearing should be denied for two

reasons. First, Douglas raises issues that can be resolved by reference to the state court record; second, he has failed to satisfy the standard under which he claims he is entitled to an evidentiary hearing or to expand the evidentiary record. Respondent requests that this court deny Douglas's motion for evidentiary hearing and for the same reasons deny his requests to expand the evidentiary record.1

> B.   Douglas's Claims Can Be Resolved With Reference To The State Court Record

The limited function of an evidentiary hearing is to try issues of fact and such a hearing is unnecessary when only issues of law are raised. *See, e.g., Yeaman v. United States,* 326 F.2d 293 (9th Cir. 1963). Findings of fact made in state court are presumed to be correct unless a petitioner can show by clear and convincing evidence that they are erroneous. 28 U.S.C. § 2254(e)(1). With respect to federal habeas actions, an evidentiary hearing "is *not* required on issues that can be resolved by reference to the state court record." *Totten v. Merkle,* 137 F.3d 1172, 1176 (9th Cir. 1998) (emphasis in original). As the Ninth Circuit has stated, "It is axiomatic that when issues can be resolved with

---

1   Respondent requests that this court disregard any new arguments or theories offered by Douglas in reply as to why he is entitled to an evidentiary hearing, as the state will not have an opportunity to address them. *See Garner v. Ford Motor Company*, 61 F.R.D. 22, 24 (D. Alaska 1973) (criticizing the

reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." *Id.*

Douglas asserts that an evidentiary hearing is required to present evidence of court records that his trial attorney, James Hopper, failed to locate that Douglas claims could have been used to impeach the testimony of Douglas's victim. [Docket No. 108 at 3] This request for evidence relates to Douglas's claim in his petition that he received ineffective assistance of counsel. [Docket No. 54 at 11] In his petition, Douglas asserts that Hopper would have found a deposition in one of the civil lawsuits in which the victim, Muhammed Ali, acknowledged that he had underreported his income and improperly claimed his stepson as a dependent in his tax returns for 1994 and 1995. [Docket No. 54 at 12] Douglas also asserts that Hopper would have found evidence of other lawsuits to which Ali was a party and evidence that Ali committed various other acts of dishonesty. [Docket No. 54 at 15] In his present motion, Douglas offers affidavits discussing how the court system database functions, affidavits discussing Ali's credibility by people who purportedly were engaged in civil lawsuits against Ali, and an affidavit of a purported criminal defense expert commenting on Hopper's effectiveness as Douglas's trial counsel.

---

practice of filing little authority in support of motion and lengthy reply replete with authority).

Evidence of the same type and character as that Douglas proposes to offer was considered in the state proceedings. Douglas's expert, John Murtagh, testified as to whether Hopper should have more thoroughly investigated the court records. [Docket No. 54, Exhibit G at 365-68] Murtagh testified as to what happened when Ali's name was run through the court system's computer database. [Docket No. 54, Exhibit G at 366-67] Murtagh testified as to some of the information found in the civil records, like the deposition in which Ali admitted to underreporting his income on tax returns and claiming his stepson as a dependent, even though the stepson did not live with him. [Docket No. 54, Exhibit G at 366]

At the conclusion of the evidentiary hearing, Alaska Superior Court Judge Elaine Andrews found that Hopper did an adequate investigation of the civil records. [Docket No. 54, Exhibit G at 484-85] However, Judge Andrews found that even if Hopper had made a mistake in researching the civil index due to incompetence, any information about Ali's involvement in other civil suits would not have significantly contributed to the outcome of Douglas's criminal trial. [Docket No. 54, Exhibit G at 485-89] Judge Andrews further found that Ali's admissions in the deposition from the civil trial at most amounted to specific acts of dishonesty for which he was not convicted and which were only tangentially related in subject and time. [Docket No. 54, Exhibit G at 486-88]

Therefore, Judge Andrews found it unlikely that the testimony would even have been admissible. [Docket No. 54, Exhibit G at 486-88]

The Alaska Court of Appeals held that even if it proceeded on the assumption that Ali intended to deceive the government when he underreported his income and wrongly claimed his stepson as a dependent, the Alaska Rules of Evidence do not allow the impeachment of a witness by collateral acts of dishonesty unless it resulted in a conviction for dishonesty in the preceding five years. *Douglas v. State*, Mem. Op. & J. No. 4718 at 5 (Alaska App., June 11, 2003). *See also* Alaska R. of Evid. 608 & 609. Further, the court of appeals agreed with Judge Andrews that the information Douglas claims Hopper could have found in the civil records regarding Ali's lawsuits would not have been relevant in Douglas's criminal proceeding. *Douglas*, mem. op. at 5.

Douglas is offering the same type of evidence that was considered and rejected in the state court proceedings here. Douglas's petition can be decided on the state court record. The new evidence proffered by Douglas adds nothing to state court record and that record is already before this court.

C.    <u>Douglas has failed to prove that he is entitled to relief or that the state trier of fact failed to reliably find the relevant facts.</u>

First, it should be noted that in his motion Douglas quotes a portion of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745 (1963), *overruled on other*

*grounds by Keeney v. Tamayo-Reyes,* 504 U.S. 1, 112 S.Ct. 1715 (1992), in which the Untied States Supreme Court held that "the petitioner, and the State, must be given the opportunity to present other testimonial documentary evidence relevant to the disputed issues." *Id.* at 321, 762. However, Douglas fails to state that *Townsend* was partially overturned by the Antiterrorism and Effective Death Penalty Act which amended 28 U.S.C. § 2254. As explained by the United States Court of Appeals for the Eighth Circuit, Congress passed a "statutory criteria differ[erent] from that set out in *Townsend* in that it simply establishes a presumption that the state court judgment is correct and that the state court record provides an adequate basis for dispensing with the federal hearing." *Joyner v. King*, 786 F.2d 1317, 1322 (5th Cir. 1986). Therefore, the broad discretion for expanding the record in federal *habeas* cases that existed under *Townsend* is no longer the law.

In his motion, Douglas also asserts that he is entitled to an evidentiary hearing under the standard espoused in *Hendricks v. Vasquez*, 974 F.2d 1099 (9th Cir. 1992), in which the petitioner must prove that "(1) the petitioner's allegations, if proved, would entitle him to relief, and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts." *Id.* at 1103. [Docket No. 108 at 3] Courts have interpreted this standard to mean that the petitioner must first demonstrate that the allegations

in his petition for writ of *habeas corpus* entitle him to relief before an evidentiary hearing is granted. *Hayes v. Woodford*, 301 F.3d 1054, 1066 n.6 (9th Cir. 2002).

As shown by the state's opposition to Douglas's petition, Douglas has failed to present any viable claims of ineffective assistance of counsel or prosecutorial misconduct. [State's Response to Petition for Habeas Corpus, Docket No. 106] Douglas has failed to meet his burden of showing that the decision of the Alaska Court of Appeals is not supported by the record or was based on an unreasonable interpretation of the law. *See Greyson v. Kellam*, 937 F.2d 1409, 1415 (9th Cir. 1991) (holding that the petitioner failed to meet his burden that the state court's finding was not supported by the record and he was, therefore, not entitled to an evidentiary hearing). Douglas has failed to overcome the strong presumption that his trial counsel, Hopper, acted competently. [State's Response to Petition for Habeas Corpus, Docket No. 106 at 16-32] Douglas has also failed to show that the prosecutor's comments in closing argument undermined the fundamental fairness of the trial. [State's Response to Petition for Habeas Corpus, Docket No. 106 at 32-44] Therefore, Douglas is not entitled to an evidentiary hearing.

Douglas has also failed to show that the state trier of fact did not reliably find the relevant facts. Douglas was afforded a full opportunity to develop the evidentiary record before Judge Andrews during a two-day

evidentiary hearing. [Docket No. 54, Exhibit G at 362-499] All of the evidence that Douglas has submitted with his petition for writ of *habeas corpus* and asks this court to admit as new evidence with the present motion was available at the time of the state evidentiary hearing. Douglas has offered no explanation for why he did not offer at the evidentiary hearing before Judge Andrews this "evidence" he now seeks to admit. Douglas does not argue that he was prohibited from calling any witnesses during the evidentiary hearing. Douglas does not argue that the attorney who represented him in his state post-conviction relief proceedings was ineffective or failed to present all of the relevant evidence to the court. Douglas does not argue that he did not receive a full and fair hearing. Douglas merely wants another opportunity to offer evidence with the benefit of hindsight in evaluating Judge Andrews' and the court of appeals' decisions.

In his motion, Douglas specifically argues that the "court made an unreasonable determination of the facts in light of the evidence presented" when Judge Andrews found that Hopper ran Ali's name through the court system's computerized records system twice. [Docket No. 108 at 4] However, Hopper testified that he ran Ali's name through the system several times with different spellings. [Docket No. 54, Exhibit F at 6-7; Exhibit G at 427-29] Even Murtagh, Douglas's own expert, agreed that Hopper made a good-faith effort to search the

court records.  [Docket No. 54, Exhibit G at 382] Douglas offered no contrary evidence during the evidentiary hearing and offers no contrary evidence now that Hopper did not run Ali's name through the court's computer system several times.

The only "evidence" that Douglas generally offers to show that the court did not make reliable findings is the affidavit of his *new* purported criminal defense expert, Cynthia Strout.  [Docket No. 108 at 4-5; Exhibit E]  But Douglas is not asking this court to look at evidence regarding the underlying trial or the evidentiary hearing itself.  [Docket No. 108 at 4-5]  Douglas instead is asking this court to accept a new expert he has retained to write an opinion analyzing Judge Andrews' findings of fact and conclusions of law in his post-conviction relief proceedings.  [Docket No. 108 at 4-5]  Strout's affidavit goes beyond the rule that "an attorney's actions must be examined according to what was known and reasonable at the time the attorney made his choices."  *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995).  Douglas is not offering contrary evidence to show that the state trier of fact made unreliable findings of fact; he is offering purported expert opinion evaluating Judge Andrews' decision regarding Hopper's credibility and conclusions as to the ultimate questions of law in the post-conviction relief proceedings.  Strout's affidavit is merely more briefing on legal issues presented by Douglas's petition for writ of habeas corpus.  For

instance, if this court were to expand the evidentiary record to include Strout's affidavit, why would an affidavit filed by the state and sworn to by a state's expert arguing the legal virtues and factual correctness of the state court rulings not also be admissible?

This court has the same records in front of it as purported expert Strout did in writing her opinion, but this court is the proper judge of whether Judge Andrews was a reliable fact-finder. More important, this court is the proper judge as to whether Judge Andrews and the Alaska Court of Appeals made rulings that amounted to an unreasonable application of federal law with regards to whether Hopper represented Douglas ineffectively or whether there was prosecutorial misconduct. Douglas has failed to show that, if true, his allegations would entitle him to relief or that the state trier of fact failed to reliably find the relevant facts after a full and fair hearing. Therefore, this court should deny Douglas's motion to expand the evidentiary record and this court should deny Douglas's request that this court hold an evidentiary hearing.

D.   Conclusion

For the reasons set forth above, Douglas's motion should be denied.

DATED September 22, 2006 , at Anchorage, Alaska.

        DAVID W. MÁRQUEZ
        ATTORNEY GENERAL

s/ Blair M. Christensen
   Assistant Attorney General
   State of Alaska, Dept. of Law
   Office of Special Prosecutions
     and Appeals
   310 K St., Suite 308
   Anchorage, Alaska 99501
   Telephone: (907) 269-6250
   Facsimile: (907) 269-6270
   e-mail: Blair_Christensen@law.state.ak.us
   Alaska Bar. No. 0311088

**Certificate of Service**

I certify that on September 22, 2006, a copy of the foregoing Entry of Appearance was served electronically on Mary C. Geddes.

       s/ Blair M. Christensen