**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JERRY LEE DOUGLAS,<br><br>    Petitioner,<br>vs.<br><br>SUPERINTENDENT ZEE HYDEN,<br><br>    Respondent. | 3:03-0221-cv-JWS-JDR<br><br>**ORDER<br>DENYING PETITIONER'S<br>MOTION FOR EXPANSION OF<br>RECORD OR,<br>ALTERNATIVELY,<br>EVIDENTIARY HEARING**<br><br>(Docket No.108) |

  The court has now before it a motion by the petitioner, Jerry Lee Douglas, seeking to expand the evidentiary record on his petition for writ of habeas corpus brought under 28 U.S.C. § 2254, or, alternatively, for an evidentiary hearing. (Docket No. 108). While the motion does not comport with standard briefing practices by expressly stating its grounds, it is fairly deduced that it is made on the grounds that the petition's ineffective assistance of counsel claim requires expansion of the record because the state court trier-of-fact did not reliably find the relevant facts as to that claim. The motion is opposed by the respondent. (Docket No. 110). After receiving an extension of time in which to file a reply, Mr. Douglas did not file a reply. For the reasons that follow the motion shall be denied.

Douglas' motion seeks to expand the evidentiary record regarding three areas of his petition through affidavits attached to his opening brief (Docket No. 54) and, or through an evidentiary hearing. First, it is his contention that his attorney at trial failed to adequately and independently investigate the credibility of the state's only complaining witness in that he failed to find public courthouse records that would have revealed impeachment information pertaining to that witness. The trial attorney was told by Douglas about the records. The state court concluded that the attorney had twice run the witness' name through the civil record index but had failed to discover the records. The state court further concluded that a good-faith effort was enough to constitute effective assistance of counsel.

In large measure the respondent's opposition to the instant motion incorporates its brief in response to Douglas' petition for writ of habeas corpus. Reliance on the arguments on the merits of the petition misses the mark. The standard for whether the court should allow for expansion of the record or an evidentiary hearing is set forth else where in the respondent's brief. Specifically, [i]t is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." *Totten v. Merkle,* 137 F.3d 1172, 1176 (9th Cir. 1998). Furthermore, an evidentiary hearing is required if: (1) the petitioner's allegations, if proved, would entitle him to relief, ***and*** (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts. *Hayes v. Woodford,* 301 F.3d 1054, 1065 (9th Cir. 2002) (Discussing Douglas' lead case – *Hendricks v. Vasquez,* 974 F.2d 1099, 1103 (9th Cir. 1992)). Quite simply, whether the state court's findings and conclusions on Douglas' claim(s) of ineffective assistance of counsel can be assessed as a matter of law under § 2254 and the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 685 (1984) ( a defendant must show: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a

"reasonable probability" that, but for counsel's unprofessional errors, there would have been a different result in the matter.)  The state court found that any information about the witness' involvement in the civil issues in question would not have contributed to the outcome of the trial.  Now, it is this court's charge to evaluate that finding under the applicable standards.  The affidavits Douglas seeks to have the court consider (Bruce Johnson, Kay Lin Hinderman, Deborah Vea, and Cynthia Strout)  regarding his trial attorney's efforts and his competency are of no moment.  The court will review the state court's findings and conclusions in light of the record.  After that review, the court may hold an evidentiary hearing or otherwise allow for the expansion of the record if it concludes that the state court did not after a full and fair hearing reliably find the relevant facts, *and* his allegations if proved would entitle him to relief.  *See Hayes, supra*.

## OTHER SPECIFIC CLAIMS

Douglas also contends that his trial attorney's failure to utilize prior inconsistent statements on cross-examination of a prosecution witness was not "a justifiable 'tactical' decision."  With respect to this claim, he wants to expand the record to include an affidavit by attorney Cynthia Strout.  Additionally, Douglas makes contends that because the trial attorney's "decision not to utilize the witness' earlier statements" concerned the witnesses "demeanor", the evidentiary hearing should be expanded to include audio recordings of those statements.

The evidentiary record will not be expanded in either of these ways.  The respondent is on the mark that it is the province of the court, not an expert, to determine wether the Alaska courts made rulings that amounted to a reasonable application of federal law as to whether Douglas' trial attorney rendered ineffective assistance of counsel.  Were that not the case, petitions for writ of habeas corpus would consistently turn into a battle of experts.  Section 2254(e)(1) provides a presumption that findings of

fact of a state court must be presumed correct unless the petitioner can show by clear and convincing evidence that they are erroneous. This presumption calls for the court to review the record, not attorneys' opinions. Ergo, Ms. Strout's opinions matter not. Furthermore, the request that audio recording of the witness' statements be made part of the record is without merit. It is not clear from Douglas' motion whether the audio recordings constitute prior inconsistent statements or mere trial testimony. Either way, the notion that they should be listened to by the court, thereby providing insight as to the correctness of the Alaska court's rulings, is without merit. It is not the province of this court to second guess the state courts based on an arguably partial glimpse of the demeanor of a witness. Again, § 2254 brooks no compromise in this regard.

Finally, Douglas submits that an expansion of the record, and/or an evidentiary hearing is necessary on his claim regarding his trial attorney's not asking for a "less-offense" jury instruction. The issue is presented as turning on the question of whether it was Douglas or his trial counsel who decided not to include such an instruction. Here, Douglas argues that the state court erred because, without deciding the question, the state court resolved the matter as a question of credibility and assumed that it was Douglas' decision not to include the instruction. Like the other claims discussed above, the court is presently convinced that the matter can be decided on the record under application of the well established legal standards. Should the court's view change, an expansion of the record or evidentiary hearing will be called for.

## CONCLUSION

For the foregoing reasons the petitioner's motion for expansion of the record, or, alternatively, for an evidentiary hearing is denied. The petitioner's reply to the respondent's responsive brief on the merits at docket No. 106 shall be filed by the close of business November 3, 2006.

DATED this 16<u>th</u> day of October, 2006, at Anchorage, Alaska.


      /s/ JOHN D. ROBERTS
JOHN D. ROBERTS
United States Magistrate Judge