Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JERRY LEE DOUGLAS,<br><br>    Petitioner,<br><br>vs.<br><br>SUPERINTENDENT ZEE HYDEN,<br><br>    Respondent. | Case No. 3:03-cv-0221-JWS<br><br>**MOTION FOR RECONSIDERATION<br>AND CLARIFICATION** |

      Jerry Lee Douglas's motion for reconsideration of the order at Docket 111 is brought under the authority of Local Rule 59.1.

      Reconsideration and clarification are respectfully sought.

      Reconsideration is sought because, although the order indicates otherwise at page 1, the undersigned counsel did not request an extension of time to reply to the respondent's opposition.  Under Local Habeas Corpus Rule 8.1(b), there is no provision for any responsive pleading on the motion for an evidentiary hearing, absent a court order, and there was no such order in this case which would have otherwise allowed for Mr. Douglas's reply.

Mr. Douglas also seeks clarification of the court's denial of his motion.

First, Mr. Douglas agrees with the court that, *inter alia*, he has raised an intrinsic challenge to the state court findings, pursuant to 28 U.S.C. § 2254(d)(2). *See Taylor v. Maddox*, 366 F.3d 992, 999-01 (9th Cir. 2004); *see also Lambert v. Bodgett*, 393 F.3d 943, 972 (9th Cir. 2004). He also agrees that this court must first proceed to consider Mr. Douglas's specific claims in that regard.

Mr. Douglas therefore understands the court's "denial" to be a decision to defer a hearing until its review is complete.

As Mr. Douglas understands it, should the state court's fact-finding process survive the intrinsic review, the state court's findings will have a presumption of correctness. That means that the state court fact-finding can only be overturned if new evidence introduced in federal court amounts to clear and convincing proof that the finding was in error. *See* § 2254(e)(1).

Should this court determine that the presumption of correctness under § 2254(e)(1) does not apply, then Mr. Douglas would argue that he should only be required to prove his factual contentions by a preponderance. *See Taylor v. Maddox*, 366 F.3d 992 (9th Cir. 2004) (noting that preponderance standard may be more appropriate) where presumption does not attach).

Mr. Douglas still looks forward to the opportunity to make such proof. He has notified the court as to the nature of this new evidence, and he maintains his interest in presenting it.

If Mr. Douglas has misunderstood the court's order, then he respectfully requests such clarification.

///

///

DATED this 20th day of October, 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on October 20, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Blair M. Christensen, Esq.

/s/ Mary C. Geddes