Blair M. Christensen
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Blair_Christensen@law.state.ak.us

Attorney for Respondent Mary C. Geddes

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JERRY LEE DOUGLAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:03-cv-00221-JWS |
| ) | |
| SUPERINTENDENT ZEE HYDEN, ) | RESPONDENT'S REPLY TO |
| ) | PETITIONER'S OBJECTIONS |
| Respondent. ) | TO MAGISTRATE JUDGE'S |
| ) | RECOMMENDATION |

The state is in agreement with the Magistrate Judge's "Recommendation Regarding Amended Petition for Writ of Habeas Corpus" issued on December 1, 2006. [Docket No. 117] However, Douglas has raised objections to the recommendation. Douglas requests "the court to allow him to incorporate, into this written objection, the facts and authorities cited in his opening brief, his reply, his motion for an evidentiary hearing and his motion for

reconsideration and clarification." [Docket No. 118 at 1] Douglas makes this request even though this Court's order on December 1, 2006 specifically stated that the parties were not to "reargue positions presented in motion papers" in objecting to the court's recommendations. [Docket No. 117 at 19] Therefore, this request should be denied.

Douglas's first objection to the recommendation is that the court fails to consider the first prong of the ineffective-assistance-of-counsel test under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). [Docket No. 118 at 2] Douglas argues that his trial counsel failed to find civil court records that would have impeached prosecution witness Mohammed Ali. [Docket No. 118 at 2 & nn.1,2]

Regardless of whether Douglas's trial counsel should have found the civil court files, Douglas has failed to show that he was prejudice by this error because the Alaska Court of Appeals held that, under the Alaska Rules of Evidence, much of the evidence would have been inadmissible. *Douglas v. State*, Mem. Op. & J. No. 4718 at 5 (Alaska App. June 11, 2003). *See also* Alaska R. of Evid. 608 & 609. Additionally, the court of appeals held that a lot the information that would have been found in the civil records regarding Ali's lawsuits against the tenants of his rental properties would not have been relevant in Douglas's criminal proceeding. *Douglas*, mem. op. at 5. Therefore, Douglas's trial counsel's deficient performance is irrelevant because Douglas

suffered no prejudice as a result of his attorney's failure to find these civil court records.

Douglas's second objection to the court's recommendation is that the court improperly gives deference to Douglas's trial counsel's tactical decision not to play the 911 tape at trial. [Docket No. 118 at 3] However, the United States Supreme Court has held that if it appears that counsel's actions were done for tactical reasons, then they will be virtually immune from subsequent challenge, even if in hindsight the tactic appears to have been mistaken. *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 2535 (2003).

Douglas's trial counsel testified that he chose not to play the 911 tape for tactical reasons. [Docket No. 54, Tab F at 430-32] Contrary to Douglas's argument that there "was no evidence of any strategic gain or advantage to be obtained from failing to introduce the evidence," [Docket No. 118 at 4] Douglas's trial counsel testified that Ali was "squirming" on the stand during cross-examination and counsel did not want to play the tapes and "give him the opportunity to calm down." [Docket No. 54, Tab F at 430-32] Further, the court of appeals agreed with the lower court that it was a tactical decision and Douglas has failed to show that the court of appeals applied federal law in an objectively unreasonable manner. *Douglas*, mem. op. at 8.

Douglas's third objection is that his trial counsel was ineffective because he failed to request a lesser-included-offense instruction. [Docket No.

118 at 4] Douglas states that it "is uncontroverted that Douglas's trial attorney believed that a lesser-included-offense instruction should be requested." [Docket No. 118 at 4] This is not accurate. As noted in the recommendation [Docket No. 117 at 13] and in the state's response to Douglas's petition for writ of habeas corpus [Docket No. 106 at 28], Douglas's trial attorney made a tactical decision not to request a lesser-included-offense instruction because he reasonably believed that a theft instruction would be inconsistent with Douglas's version of the events.

The court of appeals in fact held that Douglas's version of events was not a lesser-included offense of theft but a separate offense of theft that would have occurred after the robbery. *Douglas,* mem. op. at 8. Douglas refuses to acknowledge this holding and has never addressed this issue in the briefing. Therefore, Douglas has failed to show that court of appeals applied federal law in an objectively unreasonable manner or made an unreasonable determination of the facts.

Finally, Douglas objects to determination that the prosecutorial comments in closing arguments "was fair conduct" and "relies upon his previous submissions, rather than reiterating them here." [Docket No. 118 at 5] As stated above, Douglas was ordered not to "reargue positions presented in motion papers." [Docket No. 117 at 119] Further, Douglas applies the wrong standard. Douglas objects on the basis that this Court concluded that the prosecutor's

comments were "fair conduct." The state's reading of the recommendation is not that this Court found the comments to be "fair conduct" but that Douglas failed to show that these comments gave rise to "unfair prejudice" as required by federal law. [Docket No. 117 at 13-18] Yet again, Douglas failed to show that the court of appeals applied federal law in an objectively unreasonable manner or made an unreasonable determination of the facts.

DATED January 4, 2007 , at Anchorage, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

s/ Blair M. Christensen
    Assistant Attorney General
    State of Alaska, Dept. of Law
    Office of Special Prosecutions
        and Appeals
    310 K St., Suite 308
    Anchorage, Alaska 99501
    Telephone: (907) 269-6250
    Facsimile: (907) 269-6270
    e-mail: Blair_Christensen@law.state.ak.us
    Alaska Bar. No. 0311088

**Certificate of Service**

I certify that on January 4, 2007, a copy of the foregoing Respondent's reply to petitioner's objections to magistrate judge's recommendation was served electronically on Mary Geddes.

s/ Blair M. Christensen