Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JERRY LEE DOUGLAS,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>SUPERINTENDENT ZEE HYDEN,<br><br>　　　　　　Respondent. | Case No. 3:03-cv-0221-JWS<br><br>**REPLY TO RESPONSE TO MOTION FOR ORDER TO STATE COURT DIRECTING RETRIAL OR RELEASE OF HABEAS PETITION**<br>*Filed on Shortened Time* |

On March 5, 2007, this Court issued an order granting Jerry Lee Douglas 's petition for a writ of habeas corpus with respect to Alaska State Court Case No. 3AN99-4292 CR.  This Court held that a federal constitutional violation, i.e., ineffective assistance of counsel, had a substantial and injurious effect on the jury's verdict.  The effect of the Court's decision was to vacate his conviction.  Mr. Douglas is a state prisoner who remains incarcerated because of his sentence in Alaska State Court Case No. 3AN99-4292 CR.

Mr. Douglas has sought an order effectuating the grant of the writ habeas which would require the State to release Mr. Douglas or retry him within 30 days.

In its response, the State of Alaska has agreed to an order requiring his retrial within 30 days, but disagrees that the Habeas Court has the authority to order the release of the defendant – and a bar to re-prosecution – if retrial is not provided in that time frame. The State also opines that the State Superior Court is in the "best position" to determine bail for Mr. Douglas.

Mr. Douglas makes the following reply.

First, Mr. Douglas disagrees with the State's objection to the Habeas Court's continuing jurisdiction. The Federal District Court does have the authority to require the State to retry Mr. Douglas within a stated period or unconditionally release him absent a timely stay of its judgment. *United States ex rel. Barnwell*, 461 F.2d 768, 769 (3d Cir. 1972). A federal court retains jurisdiction to determine if the state has complied with the terms of a conditional order in a habeas case. *Gentry v. Deuth*, ___ F.3d ____, 2006 WL 2106637 (6th Cir. June 30, 2006). Thus, to the extent the parties may have used language that suggests a federal habeas court relinquishes jurisdiction at the time it orders the state to provide a retrial, such impression would be incorrect. The federal habeas court does not relinquish jurisdiction until a state meets the terms of the habeas court's conditions, i.e., grants a retrial or dismisses a case. *See id.*

Second, the federal district courts have inherent authority to grant a state prisoner bail during the pendency of habeas proceedings, according to all the federal circuit courts that have decided the question. *See, e.g., Woodcock v. Donnelly*, 470 F.2d 93, 94 (1st Cir. 1972); *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001); *Landano v. Rafferty*, 970 F.2d

1230, 1239-40 (3d Cir. 1991); *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975) (per curiam); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990); *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985); *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986); *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981); *Baker v. Sard*, 420 F.2d 1342, 1343-44 (D.C. Cir. 1969) (per curiam). *Cf. In re Roe*, 257 F.3d 1077 (9th Cir. 2001) (declining to decide the issue). Certainly, bail <u>pending</u> a decision is extraordinary, but the Court has now reached its decision in favor or the petitioner. Thus, the District Court can proceed to determine bail pending further proceedings, e.g., retrial in State Court.

Notably, since the State's filing at Docket 126, the parties in this case have reached an agreement with respect to Mr. Douglas's release on bail conditions for both Federal Habeas and State Trial Court purposes. The State of Alaska through its Assistant Attorney General Douglas Kossler and Assistant District Attorney Daniel K. Shorey agree that Mr. Douglas will be soon released on third-party bail conditions to a halfway house, which is anticipated to be Glenwood Center or Cordova Center. The parties agree that Mr. Douglas will be able to work and attend medical appointments. The parties (Mr. Douglas through his State Court lawyer, Randall Cavanaugh) will notify the Superior Court of their agreement this Wednesday, March 14, 2007, by filing the necessary paperwork in State Superior Court. A second court appearance may be necessary to finalize Mr. Douglas's release.

DATED this 12th day of March, 2007.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on March 12, 2007, a copy of the foregoing document, with attachments, was served electronically on:

Blair M. Christensen, Esq.
Office of Special Prosecutions and Appeals
310 K Street, Suite 308
Anchorage, AK 99501

Doug Kossler
Office of Special Prosecutions and Appeals
310 K Street, Suite 308
Anchorage, AK 99501

/s/ Mary C. Geddes