Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JERRY LEE DOUGLAS,<br>Petitioner,<br>vs.<br>SUPERINTENDENT ZEE HYDEN,<br>Respondent. | Case No. 3:03-cv-0221-JWS<br>**RENEWED MOTION FOR ISSUANCE OF ORDER REQUIRING PETITIONER'S RELEASE FROM RESPONDENT'S CUSTODY OR RETRIAL BY APRIL 4, 2007,**<br>***Filed on Shortened Time*** |

This renewed motion seeks an order from this court requiring Respondent to release or retry Petitioner within 30 days of its order vacating his conviction. These are alternative remedies to which the State has already agreed but – unfortunately – enforcement by this court is now required.

On March 9, Respondent agreed to retry Mr. Douglas within 30 days, but resisted any federal court jurisdiction over Mr. Douglas's release.

On March 12, Respondent changed its tack. It agreed, with Mr. Douglas, that he could be released from custody on specified bail conditions, including the third-party supervision of a halfway house.

It has been two weeks since Respondent's counsel agreed to Mr. Douglas's release from custody on bail conditions to a third-party, and the agreement has yet to be effectuated by Respondent's employees. Furthermore, Respondent is unable to provide the undersigned with any information as to when Mr. Douglas can anticipate release.[1]

**I. Background**

On March 5, 2007, this court granted Petitioner's motion to vacate his state court conviction in Case No. 3AN-99-4292 CR.

On March 6, the undersigned contacted Respondent's employee, DOC Officer Mary Sandy. Ms. Sandy is responsible for inmate Time Accounting at the Spring Creek Correctional Facility where Mr. Douglas was housed. Ms. Sandy was provided with the information that the conviction in had been vacated in Case No. 3AN-99-4292 CR. In light of that development, she was asked to determine whether Mr. Douglas had effectively served all the time remaining in his other cases. She made those calculations and determined that Mr. Douglas would have served all remaining time by August 29, 2006.

---

[1] Today, Respondent's counsel has suggested that Mr. Douglas may remain incarcerated on other cases. This is the first occasion where the undersigned has heard that Mr. Douglas is not eligible for an immediate release, and it contradicts information given to the undersigned by the Respondent's employee Mary Sandy. This information was reported to the court on March 6, and it has remained uncontradicted in Respondent's pleadings.

Accordingly, on March 6, 2007, the undersigned moved this court for an order requiring the State of Alaska to retry Petitioner within 30 days or to release him.

On March 9, in a written response, the State of Alaska agreed to an order requiring his retrial within 30 days. However, Respondent disagreed that this court had the authority to order the release of Petitioner – and a bar to re-prosecution – if retrial is not provided in that time frame.

On March 12, however, the parties informed the court of an agreement.

> Notably, since the State's filing at Docket 126, the parties in this case have reached an agreement with respect to Mr. Douglas's release on bail conditions for both Federal Habeas and State Trial Court purposes. The State of Alaska through its Assistant Attorney General Douglas Kossler and Assistant District Attorney Daniel K. Shorey agree that Mr. Douglas will be soon released on third-party bail conditions to a halfway house, which is anticipated to be Glenwood Center or Cordova Center. The parties agree that Mr. Douglas will be able to work and attend medical appointments. The parties (Mr. Douglas through his State Court lawyer, Randall Cavanaugh) will notify the Superior Court of their agreement this Wednesday, March 14, 2007, by filing the necessary paperwork in State Superior Court. A second court appearance may be necessary to finalize Mr. Douglas's release.

Although Mr. Douglas's attorney had scheduled a state court bail hearing for March 14, 2007, Mr. Douglas had not been transported by that date. He was transported to Anchorage on the following day. The next bail hearing was calendared for March 21, 2007.

On March 21, the Superior Court approved Mr. Douglas's release on the agreed-upon conditions, but Mr. Douglas has remained in custody.

## II. <u>The Respondent (DOC) Has Thus Far Declined to Release Mr. Douglas</u>

The undersigned was out of her office on personal leave between March 15 and March 26. In status reports filed last week, Respondent's counsel initially represented that

Mr. Douglas's release to a halfway house had occurred, but counsel later clarified while the release had been approved by the court, it had not yet actually taken place. Respondent's counsel represented that Mr. Douglas's release was imminent and merely awaited Respondent's processing of paperwork for the halfway house.

As of today, March 27, however, the prospect of Mr. Douglas's imminent release was further obscured. Today, she was informed by Respondent's counsel that the DOC time-accounting had not yet been completed, and that Mr. Douglas may 'owe' time. Respondent's counsel now suggests – for the very first time – that Mr. Douglas may not be eligible for a release from custody. Apparently, no paperwork has yet been submitted by DOC for Mr. Douglas's halfway house placement.

## III. Enforcement is Necessary

In light of the foregoing, Mr. Douglas renews his earlier motion for an order. Since Respondent is not able to say whether Mr. Douglas will be released from custody – as he had previously agreed – Respondent should be held to its earlier agreement to retry Mr. Douglas within 30 days.[2]

Notably, Respondent sought no stay of this court's order granting Mr. Douglas's motion to vacate, and Mr. Douglas is entitled to its enforcement forthwith.

[2] Any position previously taken by Mr. Douglas in state court with respect to trial setting was based upon his expectation that Respondent would honor his agreement for a release from incarceration, and is now in the process of being withdrawn.

DATED this 27th day of March, 2007.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Ph: (907) 646-3400
Fax: (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on March 27, 2007, a copy of the foregoing document, with attachments, was served electronically on:

Blair M. Christensen, Esq.
Office of Special Prosecutions and Appeals
310 K Street, Suite 308
Anchorage, AK 99501

/s/ Mary C. Geddes