Blair M. Christensen
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Blair_Christensen@law.state.ak.us

Attorney for Respondent Zee Hyden

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JERRY LEE DOUGLAS, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> SUPERINTENDENT ZEE HYDEN, ) <br> ) <br> Respondent. ) <br> _____ ) | Case No. 3:03-cv-0221-JWS-JDR <br><br> OPPOSITION TO "RENEWED MOTION FOR ISSUANCE OF ORDER REQUIRING PETITIONER'S RELEASE FROM RESPONDENT'S CUSTODY OR RETRIAL BY APRIL 4, 2007" |

      Jerry Lee Douglas has renewed his motion asking this court to order the Alaska Superior Court to order the Respondent to either release or retry Douglas within 30 days of this court's original order granting his petition for writ of habeas corpus. Douglas claims that there are two remedies to which the

Douglas v. Hyden, 3:03-cv-0221-JWS-JDR
Page 1

Respondent has already agreed but is now refusing to honor. [Docket 133 at1] First, as noted in this court's March 27, 2007 order [Docket 134], the Respondent agreed "to begin the process of retrying Douglas" [Docket 126 at 2] within 30 days after this court granted Douglas's petition; the Respondent never agreed to complete the process of retrying Douglas within 30 days after this court's order.

It is not realistic for Douglas to expect Respondent to complete his retrial in 30 days after his petition was granted. His original trial was held in November of 1999 and the assistant district attorney who tried the case is no longer with the District Attorney's office. Therefore, a new attorney would have to prepare this case for trial after never having worked on it at all. The assistant district attorney would become intimately familiar with all the facts, locate all of the witnesses, prepare these witnesses, and make sure that the witnesses are available for trial in less than 30 days so that the trial could be completed in 30 days.

As noted in the second status report filed with this court on March 23, 2007, the Respondent has begun this process of retrial as agreed. [Docket No. 132] There have already been two bail hearings and a pretrial status hearing has been set for June 13, 2007. It should be noted that originally Douglas's state-appointed counsel, Randall Cavanaugh, suggested to the assistant district attorney that the pretrial status hearing be set for August.

Therefore, Mr. Cavanaugh also appeared to believe that Respondent just had to begin the process of retrying Douglas within 30 days of this court's order. Another complicating factor is that Respondent filed a notice of appeal of this court's order granting Douglas's petition to the United States Court of Appeals for the Ninth Circuit. Due to the filing of this appeal, Respondent believes that the state court proceedings will have to be stayed pending a decision on appeal.

As to Douglas's request that this court order his release because Respondent is not honoring its agreement to release Douglas to a halfway house, Douglas's characterization of the events is less than accurate. From the initial conversation with Douglas's counsel after this court issued its order granting Douglas's petition, Respondent's counsel stated to Douglas's counsel that this case presented a unique situation because it the first time that Respondent was dealing with a petition for writ of habeas corpus that had been granted. Also, Douglas has a complex criminal history that includes six other criminal convictions for theft and robbery with a petition to revoke probation and varying lengths of probation and suspended time, making the time accounting of his sentence difficult.

Even given the challenges of Douglas's case, Respondent consistently tried to cooperate with Douglas. When counsel for Douglas called Respondent's counsel on Friday, March 23rd, and stated that Douglas had not yet been

released, Respondent's counsel immediately met with the assigned assistant district attorney, Adrienne Bachman. Ms. Bachman and Respondent's counsel called Douglas's state-appointed counsel, Mr. Cavanaugh. Both Mr. Cavanaugh and Ms. Bachman assured Respondent's counsel that transfer to a halfway house typically takes from five days to two weeks and that everything was proceeding normally. Respondent's counsel conveyed this to Federal Defender Rich Curtner and filed the "Clarification of Status Report."

On Tuesday, March 27th, counsel for Respondent received an email in which Dounglas's counsel stated that she believed that Douglas was being held under a "parole hold" because he had remaining time on his sentence from another case. Respondent's counsel spoke with counsel for the Alaska Department of Corrections, John Bodick. Mr. Bodick stated that, although Mary Sandy did time accounting at Spring Creek Correctional Center, she was only a criminal justice technician and Douglas's time accounting would be re-calculated by the Department of Corrections Central Office.

At this point, Respondent's counsel informed Douglas's counsel that it was unclear what the problem was and that the Department of Law was not taking the position that Douglas still had time to serve on other convictions but the Department of Law had to wait for the final word from the Department of Corrections. Respondent's counsel told Douglas's counsel that Respondent's

counsel did not have access to any information on Douglas's six other criminal convictions to verify his release eligibility and she was dependent on the Department of Corrections for this information.  Within the next day or so, Mr. Bodick informed Respondent's counsel that Douglas was eligible for release to a halfway house but that Douglas was rejected by all possible halfway houses.

Douglas's state-appointed counsel, Mr. Cavanaugh, moved for a second bail hearing, which was held on Friday, March 30th.  In light of Douglas's rejection from the halfway houses, Mr. Cavanaugh argued that Douglas should be released on his own recognizance with no monetary bail conditions.  The state argued that Douglas had a substantial criminal record, including a prior robbery conviction and a subsequent conviction for armed robbery of a taxicab driver in 2004 (the same facts as the current case) which was reduced to a second-degree theft conviction.  The state also pointed out that in Douglas's last case, bail was set at $25,000 cash with a third-party custodian and that he has the same criminal record now with the 1999 conviction being vacated as he did at the time that bail was set.

Alaska Superior Court Judge John Suddock ruled that it would be unreasonable to grant Douglas's bail request when a halfway house, which Judge Suddock considered to be the most safe and secure third party custodian, had rejected Douglas as "too hot."  Judge Suddock found that Douglas's record

showed that he was a danger to the public and that the police found crack pipes when they arrested him, making it nonsensical to release him on his own recognizance with no supervision when the prior plan was to release him to a halfway house. Furthermore, Judge Suddock found that it was unreasonable to release Douglas under his request because Mr. Cavanaugh offered no details conveying Douglas's living arrangement or any other aspects of his short-term or long-term plans. Therefore, Judge Suddock denied Douglas's bail request and maintained the bail conditions that the parties had previously stipulated to — that Douglas would be released to a halfway house.

Respondent is still honoring its agreement to release Douglas to a halfway house and Douglas continues to be eligible for release should any halfway house approve of Douglas's request. The Respondent has also began the process of retrying Douglas. Therefore, Douglas's motion should be denied.

DATED April 2, 2007, at Anchorage, Alaska.

                TALIS J. COLBERG
                ATTORNEY GENERAL

                s/ Blair M. Christensen
                    Assistant Attorney General
                    State of Alaska, Dept. of Law
                    Office of Special Prosecutions
                      and Appeals
                    310 K St., Suite 308
                    Anchorage, Alaska 99501
                    Telephone: (907) 269-6250

Facsimile: (907) 269-6270
e-mail: Blair_Christensen@law.state.ak.us
Alaska Bar. No. 0311088

### Certificate of Service

I certify that on April 2, 2007, a copy of the foregoing Entry of Appearance was served electronically on Mary C. Geddes.

s/ Blair M. Christensen