Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JERRY LEE DOUGLAS,<br><br>                      Petitioner,<br><br>vs.<br><br>SUPERINTENDENT ZEE HYDEN,<br><br>                      Respondent. | Case No. 3:03-cv-0221-JWS<br><br>**REPLY TO OPPOSITION TO PETITIONER'S RENEWED MOTION FOR RETRIAL OR RELEASE**<br>_Filed on Shortened Time_ |

Petitioner's renewed motion (Dkt. 133) seeks an order from this court requiring Respondent to release or retry Petitioner within 30 days of its order vacating his conviction. The respondent has opposed.the renewed motion (Dkt. 137)   The motion should be granted for reasons stated below.

In determining the necessity of Petitioner's motion, a chronology may be useful.

**Chronology**

| | |
|---|---|
| March 5 | Court issues decision granting Petitioner's motion to vacate conviction. |
| March 6 | Petitioner moves for retrial or release within 30 days; DOC employee tells Petitioner's counsel that it appears that Douglas would have been served his other sentences by August 29, 2006. |
| March 8 | Court issues its final judgment. |
| March 9 | Respondent's Response: "State is in agreement with Douglas that this court should issue an order giving the State 30 days (the time period suggested by Douglas to begin the process of retrying Douglas." |
| March 12 | The parties tell the federal court they have agreed to Douglas' release from incarceration to 3rd party custody of halfway house, and that a state court bail hearing is already scheduled for that purpose. |
| March 14 | First scheduled state court bail hearing. The parties inform the court of their agreement but because Petitioner was not transported in time, hearing is continued. |
| March 15 | Deadline for seeking stay of district court decision passes. |
| March 16 | Joint Status Report filed by State: "execution of the agreement did not occur because Douglas was not present." |
| March 18 | Deadline for seeking stay of district court judgment passes. |
| March 19-23 | Petitioner's counsel on personal leave out of state, available by cell phone. |

| | |
|---|---|
| March 21 | Second scheduled bail hearing, defendant is present, state ct. approves stipulated terms of release to "CRC" (halfway house); a "status hearing" is set for 6/13/07. |
| March 22 | Updated Status Report filed by State: "Douglas has been released on the bail conditions that the parties agreed to and that were stated in [ Dkt 127] . That is, Douglas has been released to a halfway house with the allowance for him to work and attend medical appointments." |
| March 23 | Respondent: "Clarification of Updated Status Report." "The term 'released to a halfway house' …is a term of art" meaning an order has been signed. Court notified that Douglas' application to enter a CRC is yet to be processed and can take several days. |
| March 26 | Petitioner's counsel informed by DOC employee (Jail Shift Supervisor) that Douglas' time-accounting is yet to be done. |
| March 27 | Petitioner renews motion for retrial or release within thirty days. |
| March 27 | DOC attorney (Bodick) reports that DOC employees have now determined Douglas is eligible for immediate CRC release. Douglas' state court attorney informally informed CRC 's may not have 'accepted' Douglas. Douglas' state court attorney files for a another state court bail hearing. |
| March 28 | Douglas' state court attorney moves for a trial setting, stating Douglas does not wish to waive his speedy trial rights |

| | |
|---|---|
| March 29 | State court bail hearing in which State ADA opposes any modification to bail release conditions approved on March 21. ADA informs the court she does not know whether Douglas still owes time, whether Douglas would be on parole or probation. She does not have information why CRC declined him, but says it is "apparently because he doesn't fit their level of security." Judge declines to modify the bail because: (1) "the CRC must think Douglas is too hot," and (2) the last judge ruling on Douglas' release apparently believed this level of security was necessary. Douglas' application for release on an unsecured bond, with conditions, is rejected.[1] |
| April 2 | The State court acts on Douglas' motion for a trial setting, by stating it will be scheduled for June 13 (same date as the status hearing). |
| October 9 | The projected release date for Douglas in Case No. 3AN-99-4292 CR. . |

**Discussion**

In its Opposition, filed April 2, the Respondent represents that "it is still honoring its agreement to release Douglas to a halfway house and Douglas continues to be eligible for release should one accept him." The State's earlier-unqualified agreement to release Mr. Douglas from incarceration was illusory, as it now clarifies that it has no power to compel the DOC-contracted halfway houses to take Mr. Douglas. Respondent's counsel has told the undersigned that Mr. Douglas' applications have been declined at both Anchorage facilities.[2]

---

[1] The undersigned has listened to a tape-recording of this proceeding

[2] There are only two halfway houses in Anchorage: Glenwood Center and Cordova Center. They are both contracted by the Department of Corrections as places where

The State also asserts that it has "[begun] the process of retrying Douglas." Oppostion at 6. The State again wants to clarify that its earlier agreement was only to begin that process within thirty days, not to complete it. Opposition at 2. The State represents to this court that "the process of retrial" has begun because "there have been two bail hearings and a pretrial status hearing has been set for June 13, 2007." Id.. The State has not in any way begun the process of retrying Douglas.[3] There is no trial date to start the speedy trial clock. Only a June 13 "status conference" was scheduled and that is more than 60 days from now.[4]

As of this writing, Mr. Douglas remains incarcerated. He has no trial date, even though his attorney has written the state court and expressly asserted his speedy trial rights, and even though the state criminal rules require trial within 120 days. See Ak.Cr.R. 45.

---

DOC prisoners serve their sentences and their furloughs, and when available the beds may be used for third-party release. Third-party release applications are forwarded to a halfway house by DOC employees.

     The Glenwood Center, which contracts exclusively with the State DOC, did receive an application from Mr. Douglas. Barbara Jordan, director of Glenwood, could not tell the undersigned why she had rejected Mr. Douglas' application as she "shreds"them and "lots of people are rejected." According to Ms. Jordan, the decision to accept an applicant for third-party release is wholly discretionary on her part and does not have to be explained by her to anyone.

     As of today, Cordova Center employee Tamara Childs does not remember receiving any application for Jerry Douglas' 3PC release. Those applications come to her from the jails' Probation Officers via fax. DOC counsel, John Bodick, and Ms. Christensen have been so notified. The undersigned has requested that the application be re-sent.

   [3]    There is another inaccuracy in the Opposition, at 5. Mr. Douglas did not have a subsequent conviction for armed robbery in 2004, although he was so charged. The case resolved with Mr. Douglas' conviction for Second-Degree Theft.

   [4]    That status hearing was delayed with Randall Cavanaugh's agreement because he relied upon the State's representation that the State would be seeking a stay (it did not do that) and upon the State's express agreement that Mr. Douglas would be released from incarceration on stipulated conditions.

5

Therefore, the relief first requested on March 5 should be granted.

The state has claimed that it is not realistic for Mr. Douglas to seek a retrial within 30 days because a new prosecutor would be assigned. It is realistic. This case is not complex. The grand jury and trial proceedings were entirely transcribed. There were no experts, no forensic or medical records. There were four witnesses called by the State (the alleged victim, the police officer, a cab company manager, and a Wal-mart employee). There were two witnesses (including Mr. Douglas) for the defense.

Furthermore, the State did not move to stay the federal court's judgment. While it appealed the judgment it did not move to stay the effect of the court's judgment, and Mr. Douglas's right to enforce the judgment should prevail..

DATED this 2nd day of April, 2007.

Respectfully submitted,
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

<u>Certification:</u>

I certify that on April 4, 2007, a copy of the
foregoing document was
served electronically on:
Blair M. Christensen, Esq.
Office of Special Prosecutions and Appeals
310 K Street, Suite 308
Anchorage, AK 99501


/s/ Mary C. Geddes