UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JERRY LEE DOUGLAS, ) | |
| ) | |
|    Petitioner, ) | 3:03-cv-221 JWS |
| ) | |
| vs. ) | ORDER FROM CHAMBERS |
| ) | |
| SUPERINTENDENT ZEE HYDEN, ) | [Re:   Motion at Docket 133] |
| ) | |
|    Respondent. ) | |

## I.  MOTION PRESENTED

At docket 133, petitioner asks the court to order that he be released from State custody or that he be retried by April 4, 2007.  The motion has been fully briefed.  No party has requested oral argument, and it would not assist the court.

## II.  BACKGROUND

Douglas was convicted in Alaska Superior Court, Case No. 3AN-99-4292 CR, of first degree robbery of a taxi driver on May 13, 1999.  Douglas has been incarcerated since his conviction.  Douglas' projected release date is October 9, 2007.  On March 3, 2007, this court granted Douglas' petition for a writ of habeas corpus on the grounds that Douglas was denied effective assistance of counsel at his state court trial in

violation of the Constitution of the United States.[1]  Judgment was entered on March 8, 2007.[2]

In the meantime, Douglas filed a motion asking this court to order that the State of Alaska either re-try Douglas within 30 days or release him from custody.[3]  In response to that motion, the respondent and the State of Alaska urged the court to give the State of Alaska 30 days in which to "begin the process of retrying Douglas."[4]  In his reply Douglas indicated that he had reached an agreement with the State of Alaska on bail conditions providing for his imminent release on condition that he reside in a halfway house with permission to work and to attend medical appointments.  The response also indicated that the agreement would be presented to a state court judge at a bail hearing on March 14, 2007.[5]  This court then ordered a status report to be filed on March 16, expecting that the matter would be resolved by then.

The status report which respondent filed on March 16 indicated that Douglas' own lawyer in the state proceeding had successfully requested a continuance until March 21 for the bail hearing.[6]  After reviewing that report, this court ordered an updated status report to be filed on March 22.  Respondent's next status report was filed on that date.  The report advised that a bail hearing was held on March 21, and "Douglas has been released on bail conditions [to which] the parties agreed . . . ."[7]  Relying on that report, on Friday, March 23, this court sent an order to be filed which denied the motion at docket 122.  The court was closed on Monday, March 26, 2007, for

---

[1]Doc. 121.

[2]Doc. 125.

[3]Doc. 122.

[4]Doc. 126 at p. 2.

[5]Doc. 127.

[6]Doc. 129.

[7]Doc. 131 at p. 1.

Seward's Day, so court personnel did not file the order until Tuesday, March 27.[8] In the meantime, respondent had filed an updated status report[9] indicating that the report filed on March 22 did not mean what it plainly said, explaining that what really happened was that the Superior Court had issued an order authorizing Douglas' release to a halfway house, but that the process would take a few days for completion of the halfway house paperwork.

Nonplused by his continuation in custody, Douglas filed a renewed motion asking this court to order either his release or re-trial by April 4, 2007.[10] The court ordered expedited briefing, and respondent timely filed his opposition on April 4, 2007.[11] Douglas' reply was filed on April 5, 2007.[12]

### III.  DISCUSSION

Douglas cannot be incarcerated for his conviction in Case No. 3AN 99-4292 CR, because that conviction was obtained in violation of his federal constitutional right to effective assistance of counsel. The State cannot commence trial against Douglas by April 4, 2007, as Douglas requests, because that date has passed. The State's intent to prosecute Douglas again is manifest.

This court has authority to enforce its own judgment by ordering Douglas' release from custody, subject to the State's power to re-try Douglas.[13] This court will order Douglas' release, but in doing so declines to intrude on the authority of the state court to

---

[8]Doc. 134.

[9]Doc. 132.

[10]Doc. 133

[11]Doc. 137

[12]Doc. 139.

[13]*E.g.*, *Hererera v. Collins*, 506 U.S. 390, 403 (1993) (recognizing that typical relief in a *habeas* case is an order of release subject to state's election to re-try the petitioner).

determine when Douglas' re-trial will commence and what bail conditions, if any, should be set for Douglas.  If Douglas is arrested following his release from custody, a state court decision on whether bail is granted or not and on what conditions it may be granted would be reviewable in this court, if at all,[14] only on grounds that the state court violated federal law.

## IV.  CONCLUSION

Petitioner's motion at docket 133 is **GRANTED** in part and **DENIED** in part as follows:

(1) Petitioner Jerry Lee Douglas shall be released from custody pursuant to the judgment in Case No. 3AN 99-4292 CR no later than Monday, **April 16, 2007.**

(2) The State of Alaska retains its authority to prosecute Jerry Lee Douglas on the charge pled in Case No. 3AN 99-4292 CR.

(3) If the State of Alaska arrests Jerry Lee Douglas to answer the charge pled in Case No. 3AN 99-4292 CR, consideration of bail and the scheduling of trial are matters within the jurisdiction of the state court.

**IT IS SO ORDERED**.

DATED at Anchorage, Alaska, this 11th day of April 2007.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[14] It may be noted that 28 U.S.C. § 2254 applies to persons held in custody pursuant to the judgment of a state court, not the bail order of a state court.