**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
JAN 18 2008
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED
FEB 19 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | |
|---|---|
| JERRY LEE DOUGLAS, | No. 07-35365 |
| Plaintiff - Appellee, | D.C. No. CV-03-00221-JWS |
| v. | |
| ZEE HYDEN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted January 9, 2008
Seattle, Washington

Before: KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

The facts and procedural posture of the case are known to the parties and we do not repeat them here. Plaintiff Douglas was convicted in Alaska Superior Court of a single count of first degree robbery in violation of Alaska Stat. §

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

11.41.500(a)(1). In his habeas petition, he argues that he received ineffective assistance of counsel at trial based on his lawyer's failure to impeach the victim with prior inconsistent statements. We have jurisdiction under 28 U.S.C. § 2253(a) and 28 U.S.C. § 1291.

Because Douglas's claims are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief may be granted only upon a finding that the last reasoned state court decision rejecting Douglas's claims "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to it in the state court proceeding." 28 U.S.C. § 2245(d).

The Alaska Superior Court held a post-trial evidentiary hearing on Douglas's ineffective assistance of counsel claim. It determined from the testimony of defense trial counsel that he was satisfied with the admissions by the victim witness on cross-examination that he had told neither the 911 operator nor the responding Anchorage police officer that he had seen Douglas with a weapon. Counsel also succeeded in establishing that the victim waited two months until his grand jury appearance before telling authorities that Douglas had simulated that he might have a weapon by placing his hand inside his coat at the time he threatened

2

to kill the victim unless he turned over his money. Although counsel was prepared to play the 911 call and subsequent taped interview of the victim by police, the trial court found that counsel made a reasonable tactical decision to forgo doing so in light of these admissions and the witness's general nervous demeanor while testifying on cross-examination.

The Alaska Court of Appeals held that defense counsel's decision at trial not to impeach the victim with his prior inconsistent statements was a "reasonable tactical decision" "amply supported by the record." The district court disagreed and granted the petition. We review *de novo* the district court's decision to grant the petition. *See Shackleford v. Hubbard*, 234 F.3d 1072, 1077 (9th Cir. 2000).

The Alaska Court of Appeals decision was not an unreasonable application of clearly established Supreme Court precedent, nor did the Alaska Court of Appeals base its decision on an unreasonable determination of the facts. Defense counsel made a reasonable tactical choice not to introduce the prior inconsistent statements. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). The victim had already admitted to making those statements on direct and cross-examination, and defense counsel reasonably calculated that because his cross-examination of the victim was proceeding effectively, stopping his examination to play the tapes might allow the victim the chance to regain his composure or permit the prosecutor

3

to rehabilitate him on re-direct examination by pointing out that no one ever specifically asked the victim if Douglas had simulated having a gun. Defense counsel pursued other reasonable strategies of attacking the victim's credibility, such as highlighting the fact that the victim did not remember that Douglas feigned reaching for a weapon until over two months after the incident.

Accordingly, we REVERSE and REMAND for entry of judgment dismissing the federal habeas corpus petition.