**FILED**

**NOT FOR PUBLICATION**

JAN 18 2008

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

**RECEIVED**

FEB 1 9 2008

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | |
|---|---|
| JERRY LEE DOUGLAS, | No. 07-35365 |
| Plaintiff - Appellee, | D.C. No. CV-03-00221-JWS |
| v. | |
| ZEE HYDEN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted January 9, 2008
Seattle, Washington

Before: KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

The facts and procedural posture of the case are known to the parties and we

do not repeat them here.  Plaintiff Douglas was convicted in Alaska Superior Court

of a single count of first degree robbery in violation of Alaska Stat. §

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

11.41.500(a)(1).  In his habeas petition, he argues that he received ineffective

assistance of counsel at trial based on his lawyer's failure to impeach the victim

with prior inconsistent statements.  We have jurisdiction under 28 U.S.C. § 2253(a)

and 28 U.S.C. § 1291.

Because Douglas's claims are governed by the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"), habeas relief may be granted only upon a

finding that the last reasoned state court decision rejecting  Douglas's claims "was

contrary to, or involved an unreasonable application of, clearly established federal

law, as determined by the Supreme Court of the United States; or resulted in a

decision that was based on an unreasonable determination of the facts in light of

the evidence presented to it in the state court proceeding." 28 U.S.C. § 2245(d).

The Alaska Superior Court held a post-trial evidentiary hearing on

Douglas's ineffective assistance of counsel claim.  It determined from the

testimony of defense trial counsel that he was satisfied with the admissions by the

victim witness on cross-examination that he had told neither the 911 operator nor

the responding Anchorage police officer that he had seen Douglas with a weapon.

Counsel also succeeded in establishing that the victim waited two months until his

grand jury appearance before telling authorities that Douglas had simulated that he

might have a weapon by placing his hand inside his coat at the time he threatened

to kill the victim unless he turned over his money.  Although counsel was prepared

to play the 911 call and subsequent taped interview of the victim by police, the trial

court found that counsel made a reasonable tactical decision to forgo doing so in

light of these admissions and the witness's general nervous demeanor while

testifying on cross-examination.

The Alaska Court of Appeals held that defense counsel's decision at trial not

to impeach the victim with his prior inconsistent statements was a "reasonable

tactical decision" "amply supported by the record."  The district court disagreed

and granted the petition.  We review *de novo* the district court's decision to grant

the petition.  *See Shackleford v. Hubbard*, 234 F.3d 1072, 1077 (9th Cir. 2000).

The Alaska Court of Appeals decision was not an unreasonable application

of clearly established Supreme Court precedent, nor did the Alaska Court of

Appeals base its decision on an unreasonable determination of the facts.  Defense

counsel made a reasonable tactical choice not to introduce the prior inconsistent

statements.  *See Strickland v. Washington*, 466 U.S. 668, 689 (1984).  The victim

had already admitted to making those statements on direct and cross-examination,

and defense counsel reasonably calculated that because his cross-examination of

the victim was proceeding effectively, stopping his examination to play the tapes

might allow the victim the chance to regain his composure or permit the prosecutor

to rehabilitate him on re-direct examination by pointing out that no one ever specifically asked the victim if Douglas had simulated having a gun.  Defense counsel pursued other reasonable strategies of attacking the victim's credibility, such as highlighting the fact that the victim did not remember that Douglas feigned reaching for a weapon until over two months after the incident.

Accordingly, we REVERSE and REMAND for entry of judgment dismissing the federal habeas corpus petition.

4