Mary C. Geddes
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JERRY LEE DOUGLAS,<br><br>    Petitioner,<br><br>vs.<br><br>SUPERINTENDENT ZEE HYDEN,<br><br>    Respondent. | Case No. 3:03-cv-0221-JWS<br><br>**MOTION FOR<br>CERTIFICATE OF APPEALABILITY** |

   The habeas petitioner is Jerry Lee Douglas, and the respondent is a Warden in the Alaska State Department of Corrections. Mr. Douglas seeks a certificate of appealability under 28 U.S.C. § 2253 on three constitutional claims for habeas relief which have been denied by the court.

Background

   Mr. Douglas moved to vacate his state court conviction on grounds of ineffective assistance of counsel and of prosecutorial misconduct.

At the time Mr. Douglas filed his opening brief, he also moved for an evidentiary hearing. The magistrate judge recommended denial of Mr. Douglas' motion, without an evidentiary hearing. (Dockets 111, 117, 120)

One of the grounds cited by Douglas was his counsel's failure to introduce and play the tapes of the victim's prior statements as impeachment evidence. On this specific ground only, the district court concluded that the attorney was constitutionally ineffective and granted Douglas' petition. (Docket 121)

On appeal, the district court's determination was reversed, and this case remanded. The district court denied habeas relief on all other allegations raised by Douglas (Docket 154) and dismissed his petition.

### Request for Certificate of Appealability

Mr. Douglas made sufficiently substantial showings of the denial of constitutional rights on the remaining issues in his case, and his appeal of the district court's determinations should be allowed by the district court.

The standard for granting a COA "is relatively low." *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (*citing Slack v. McDaniel*, 529 U.S. 473, 483, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). In order to obtain a COA, the petitioner must show only that reasonable jurists could debate whether the petition should have been resolved differently or that the issues presented deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). The COA ruling is not, however, an

"adjudication of the actual merits" of petitioner's claim. *Id.* at 336-37, 123 S. Ct. 1029 (*citing* 28 U.S.C. § 2253).

To establish his eligibility for the grant of a COA, Mr. Douglas summarizes the three issues remaining for appeal.

## Grounds Specified

1. *WAS DOUGLAS' SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL VIOLATED BY HIS ATTORNEY'S FAILURE TO ADEQUATELY INVESTIGATE COURTHOUSE RECORDS PERTAINING TO THE ONLY EYEWITNESS?*

In state court, Douglas complained that his attorney had failed to conduct an adequate pretrial investigation into the credibility of the complaining witness, Muhammed Ali, because he failed to locate courthouse records from which impeachment evidence would have developed. The state court had ruled that the attorney's "good faith" effort was reasonable. It had also ruled that the evidence obtained from the courthouse records would not have been admissible. In federal court, Douglas challenged these rulings. Under the circumstances of this case, i.e., where the attorney had been advised of the records' existence, where they were easily located and obtained, where the information had the potential for impeachment of the only witness, and where the defense was limited to attacking the credibility of the only witness, the attorney's efforts and decision to end the search for existing courthouse records was not reasonable. *See Wiggins v. Smith*, 539 U.S. 510, 522, 123 S. Ct. 2527 (2003) (failure to adequately investigate mitigating sentencing evidence a violation of *Strickland*'s performance prong); *see also Strickland v. Washington*, 466 U.S. 668, 685, 688-89, 104 S. Ct. 20 (1984) ("counsel has a duty to make reasonable investigations").

However, the federal district court did not consider the attorney's performance, but erroneously limited itself to an analysis under the second prong of *Strickland v. Washington*, 466 U.S. 668, 685, 687-88 (1984). The federal court considered only whether the state court was correct in ruling that the records themselves – had they been located prior to trial by a competent investigator – would have been admissible and relevant. While skipping the first *Strickland* prong (was there a deficient performance) may be appropriate in some IAC cases, *see*, e.g., *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366 (1985), it was error here. Whether or not the records were themselves admissible, information derived from the records had evidentiary value that would have undermined both the testimony given by Mr. Ali, and the arguments made by the prosecution.

Therefore, the federal district court erred not only in its review of the state court's evidentiary determination, but it erred in its failure to consider the unreasonable failure of the trial attorney to locate the state courthouse records pertaining to the prosecution's only eyewitness.

Finally, the federal court abused its discretion in denying an expansion of the evidentiary record. Along with his opening brief, Mr. Douglas submitted affidavits which are appropriate for the discretionary expansion of the evidentiary record in this case. The several affidavits include those pertaining to the organization of and public access to state courthouse records, and the use of those records by a defense investigator to identify and ultimately locate witnesses as to Mr. Ali's character for credibility.

2.  *WAS DOUGLAS' SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL VIOLATED BY HIS ATTORNEY'S FAILURE TO REQUEST A LESSER-INCLUDED OFFENSE INSTRUCTION?*

Douglas' trial attorney testified that a lesser-included offense instruction should have been requested, but that he deferred to Mr. Douglas' wishes. The attorney had no notes or other documentation of this discussion, even though he said his practice was to put it in writing. Mr. Douglas testified that no such conversation ever took place.

In state court, Mr. Douglas had shown that the state court's decision to accept Mr. Hopper's testimony in this regard was unreasonable. In federal court, Mr. Douglas argued that the state court's credibility determination involved an "unreasonable determination of the facts in light of the evidence presented."

3.  *WAS MR. DOUGLAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS – I.E., A FAIR TRIAL, GUARANTEED BY THE FOURTEENTH AMENDMENT – BY THE PROSECUTOR'S CLOSING ARGUMENT?*

In closing argument, the prosecutor (1) asserted that taxi drivers – as a class – are "victims" who "tell the truth" in court; (2) asserted that the taxi driver in this case – a Reservist – was obviously not a drug user because the United States Army Reserves would never tolerate drug use; (3) opined that the defense was "repulsive;" (4) had described the area to which the defendant directed the taxi driver as an area where taxi drivers had been killed; (5) and had referred to his own former designation as a narcotics prosecutor in his evaluation of the trial testimony. All of the foregoing resulted in a deprivation of Mr. Douglas' right to a fair trial.

DATED this 9th day of July, 2008.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Mary C. Geddes
Assistant Federal Defender
Alaska Bar No. 8511157
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mary_geddes@fd.org

Certification:

I certify that on July 9, 2008, a copy of the foregoing document, with attachments, was served electronically on:

Blair M. Christensen, Esq.
Office of Special Prosecutions and Appeals
310 K Street, Suite 308
Anchorage, AK 99501

/s/ Mary C. Geddes